## STIMPSON v. WOODMAN.

Where a roller in a particular combination had been used before without designs on it, and a roller with designs on it had also been used in another combination, it was not a patentable invention to place designs on the roller in the first named combination. Such a change, with the existing knowledge in the art, involved simply mechanical skill, which is not patentable.

ERROR to the Circuit Court of the United States for the District of Massachusetts.

Woodman sued Stimpson, in the court below, to recover damages for an infringement of a patent granted on the 29th March, 1864, for "a new and useful machine for ornamenting leather," as stated in the letters patent. In the specification the plaintiff stated that he has "invented a new and useful improvement in boarding or pebbling leather," and describes how this process was formerly carried on. He says:

"What is known as a boarded or pebbled grain or finish, has hitherto been given to leather by what is called the boarding operation, which consists in doubling the skin over on to itself on a table, so that the flesh side shall be out, and then forcing or rucking one part over the other, in different directions, by means of a flat 'cork-board,' which breaks or wrinkles the grain, and gives it a rough, checkered, or pebbled appearance. This operation is performed by hand, and is very slow and laborious, and produces only one particular kind of finish."

He then observes:

"The nature of my invention, therefore, consists in producing this 'pebbled' or 'boarded' grain or finish on leather, by subjecting it to the pressure of a short revolving cylinder or roller of steel, or other suitable metal, having the required design or figure engraved or sunk on its periphery. . . . My improvement further consists in combining with said roller a certain new and useful combination of mechanical devices for carrying my invention into practical operation, so as to accomplish the object desired with great rapidity and cheapness."

He further observes:

"It is obvious that my 'pebbled' roller may be combined with various mechanical devices, whereby it can be rolled with sufficient pressure over a skin of leather. I will, however, now describe a combination of devices which I find to answer every purpose required."

The plaintiff then describes with great minuteness the machine, and every part of it, and closes with his claims:

"First. Boarding or pebbling skins or leather by means of a single short cylinder rolling over a table with the requisite pressure, substantially as described.

"Second. I also claim raising and lowering the table 'A' by means of the toggles 'Q,' arm 'S,' spring 'U,' arm 'T,' and cam 'P,' or their equivalents, substantially as set forth, and for the purposes described."

The second claim was not in the case, as the arrangement or contrivance was not found in the defendant's machine. The first was the only one in question. That, as already stated, was "boarding or pebbling" skins or leather by means of a single short cylinder rolling over a table with the requisite pressure, substantially as described, which means, as this court stated that they understood the claim, finishing or figuring the leather, by means of a revolving roller, the design or figure engraved or sunk on its periphery, and worked over the grain of the leather by the use of the machinery described, or by machinery substantially like it.

It was admitted, in the bill of exceptions, that evidence was given on the trial, by the defendant, tending to show that prior to the plaintiff's invention, boarded or pebbled grain or finish, described in his patent as produced by him, had been produced on leather by subjecting it to the pressure of a short revolving cylinder of steel or other metal, having the required design or figure engraved or sunk on its periphery, and rolling over a table upon which the leather was placed; and that the said revolving figured cylinders, which

are known in the case as "pebbling rollers," were operated with the requisite pressure by means of hand devices.

It was also admitted that the defendant gave evidence tending to show that prior to the plaintiff's improvement there was known and used a machine (made by one Green) which, in its substantial combination or arrangement of its parts, co-operating together for the purpose of impressing the surface of leather, differed in no material respect from the machine described in the letters patent, whereof a model was produced, except in respect to the mechanism for raising and lowering the table (not in the defendant's machine), and except that instead of operating a short revolving roller like the plaintiff's, having a figured surface for the purpose of producing the pebbled grain on leather, it operated a short revolving metallic roller, having a smooth surface, for the purpose of giving to the leather a closer natural grain; that this was the only diversity between the two machines; and that having the smooth roller instead of the roller with the ornamented surface, made no difference in the substantial combination or arrangement of machinery co-operating together in said machines for the purpose of doing the work.

On this case the defendant asked the court to instruct the jury as a second instruction, thus:

"If they find that the form of the surface of the rollers in the plaintiff's machine is not material to the mechanical action of the roller in combination with the other devices, and their arrangements, by which the roller is moved, the leather supported, and the pressure made; and if they find that before the plaintiff's invention a machine was known and used not differing substantially from the plaintiff's machine in any other respect, but having a roller for giving a finish to leather, the surface of which roller was different from that specifically shown and described in plaintiff's patent; and if they find that, before the plaintiff's invention, rollers having such a surface as the plaintiff's, substantially, were known and used in other machines for the same purpose, the plaintiff's patent for the first claim is void."

This was refused, and the jury found in favor of the plaintiff. The other side now brought the case here.

*Messrs. B. R. Curtis and G. L. Roberts, for the plaintiff in error ; Mr. Wakefield, contra.*

Mr. Justice NELSON delivered the opinion of the court.

Taking the evidence as stated in the bill of exceptions, it will be seen that the only difference between the prior machine and the plaintiff's, in its combination and arrangement, and in its working and effect upon the leather, is that the metallic roller in the former had a smooth, and in the latter a figured surface. In all other respects the two machines were the same. But, as also appears in the bill of exceptions, this figured revolving roller was old, and the use of it in pebbling leather was also old and well known. Neither the plaintiff nor the defendant could claim any right to it as inventors. The same pebbled grain or finish, as described in plaintiff's patent, had already been produced on leather by subjecting it to pressure while rolling over the table on which the leather was placed. But this pressure was produced by means of hand devices. The field of invention was open to any person to construct new devices or machinery by means of which to operate this old instrument in "pebbling leather,"—in the language of the patentee in this case, "so as to accomplish the object desired with greater rapidity and cheapness." And this the plaintiff would have accomplished by his machine if he had not been anticipated. But the case admits that evidence was given tending to show that the device or machine he has patented for the purpose, so far as used by the defendant, was the same as the Green machine, which was prior in date.

The prayer for the second instruction to the jury prayed for by the defendant is somewhat involved and obscured by too much verbiage ; but when analyzed and understood, it was clearly warranted and supported by the evidence, and should have been given. In substance it is, if the jury should find that the figured roller in the plaintiff's machine

was not material to the mechanical action of the roller in the combination and arrangement of the machinery by which it was moved, the leather supported, and the pressure made; and if they find that before the plaintiff's a machine was known and in use similar to his, except that the surface of the roller was smooth; and if they find that before the plaintiff's invention figured rollers were known and used in other machines for the same purpose, then the plaintiff's first claim was void. In other words, and, in short, if the plaintiff's machine had been anticipated in every part of its construction except the figures or designs on the roller, which roller was old, he was not entitled to recover. This instruction was refused, which, for the reasons already stated, we think was error.

There is, also, another ground upon which we think this instruction should have been given. Assuming the plaintiff to have been anticipated in the construction of his machine in every part of it, except that the prior machine used a smooth revolving roller, and the plaintiff a figured one, but which figured roller had been used for pebbling leather by pressure, and was well known, all of which the jury would have been warranted in finding, the engraving or stamping of the figure upon the surface of the smooth roller, or the substitution of the old figured roller for the purpose, required no invention; the change with the existing knowledge in the art involved simply mechanical skill, which is not patentable.

JUDGMENT REVERSED. VENIRE DE NOVO.

Mr. Justice CLIFFORD, dissenting.

Inventions secured by letters patent are property, and as such they are under the protection of the Constitution of the United States and the laws of Congress. When duly secured in that way the patentee acquires the exclusive right, if the invention is a machine, to make and use the same and to vend it to others to be used during the entire term for which it was granted, as provided by law. Vested with that exclusive right he may have an action on the case to recover damages against any person who infringes his exclusive

right; and on the trial of the case, to the jury he may intro-duce his letters patent in evidence, and when so introduced the letters patent afford a *primâ facie* presumption that the patentee is the original and first inventor of what is therein described as his improvement; and the defendant, if he denies that proposition, takes the burden to establish the affirmative of the general issue or of the notices filed in that behalf.*

Letters patent bearing date the twenty-ninth of March, 1864, were granted to the plaintiff for a new and useful im-provement in boarding and pebbling leather, which, as de-scribed, consists in giving to the surface of the leather a checkered or pebbled appearance by subjecting the leather on the finished side to the pressure of a short, engraved revolving cylinder or roller, made of steel or other suitable metal, having the required design or figure engraved on the periphery of the device.   My improvement, says the paten-tee, consists *in combining* with said *roller* a certain new and useful *combination* of mechanical devices for carrying my invention into practical operation, so as to accomplish the object desired with great rapidity and cheapness.

Nothing can be plainer than is the meaning of those two passages in the specification, the substance of which is here reproduced.   In the first passage he describes the result or effect which his invention will produce, and in the second he gives a terse general description of the invention itself, alleging that it consists in combining with the roller a cer-tain new and useful combination of devices to accomplish the work.   Had the patentee stopped there the specification might perhaps have been regarded as wanting that full, clear and exact description of the invention which is required by the sixth section of the Patent Act.†

But the patentee did not stop there, as fully appears by what immediately follows in the specification.   On the con-trary, he gives a minute description of the roller, and then proceeds to describe the several mechanical devices to be

---

* Agawam Co. *v.* Jordan, 7 Wallace, 596.          † 5 Stat. at Large, 119.

combined with the roller, and which, as he says, will answer
every purpose to produce the required effect; and in con-
clusion he gives a minute description of every element com-
posing the organized machine described in the patent as it
was issued.

Exact description is also given of the several devices com-
posing the apparatus for raising and lowering the table on
which the leather is placed as it is subjected to the operation
of the pebbling instrument.   Such an apparatus is essential
to the effective operation of the machine, as the table must
be raised in order that the leather may be subjected to the
pressure of the roller or pebbling instrument as it passes
over the upper surface, and it must also be lowered in order
that the arm to which the pebbling instrument is attached
may pass back, and it is obvious that the contrivance is
ingenious and useful.

What the patentee claims is as follows: First, boarding
or pebbling skins or leather by means of a single short cyl-
inder rolling over a table with the requisite pressure *substan-
tially as described.*   Striking out the words substantially as
described, it might be contended that the claim is for the
effect and not for the means by which the effect is produced,
but such a construction cannot be maintained for a moment,
as it would be contrary to the settled rules of law every-
where applied in such cases.

Patents for inventions are not to be treated as mere mo-
nopolies, and therefore as odious in the law, but they are to
receive a liberal construction, and under a fair application
of the rule that they be construed *ut res magis valeat quam
pereat.*   Hence where the claim immediately follows the de-
scription, it may be construed, says Curtis, in connection
with the explanations contained in the specification, and be
enlarged or restricted accordingly.*

Construed in view of that rule, it is clear to a demonstra-
tion that the first claim of the patent is for the means de-
scribed in the specification for accomplishing the effect,

---

* Curtis on Patents; § 225; Turrill *v.* Railroad, 1 Wallace, 510; Ryan *v.*
Goodwin, 3 Sumner, 520.

which is the exact view taken of the claim by the presiding justice in the court below.

Strike out the second claim and it might be contended that the first claim covers the whole invention, including the apparatus for raising and lowering the table as well as the combination of devices for pebbling the leather, but the whole specification must be construed together, and when so construed it is clear that the claims were intended to be distinct, as the second claim not only specifies the "raising and lowering of the table," but it also includes by name every one of the described devices to perform that office.

Giving due weight to these considerations, it is as clear as anything can be that the first claim of the patent is a claim for a combination of the described mechanical devices, with the roller for carrying the invention into practical operation, and for accomplishing the described result by the described means, excluding the apparatus for raising and lowering the table, which is included in the second claim.*

Influenced by these considerations I dissent from the opinion of the court, because it adopts an erroneous construction of the patent, and one utterly at variance with the whole tenor of the specification and the language of the claim.

Some attempt was made at the trial to show that the invention of the plaintiff was superseded by the machine of Garnar, or by that of Green, but the attempt was an utter failure, and the jury found the issue in favor of the plaintiff. Questions of fact are certainly for the jury, and it is too plain for argument that the finding of the jury cannot be revised here under a bill of exceptions. Suppose, however, it were otherwise, still it would be impossible to come to any other conclusion than that their finding is right.

Take the Garnar machine, which is the first in order as the evidence is exhibited in the bill of exception. Evidence was introduced by the plaintiff, showing not only that the machine differed from the machine of the plaintiff, but that

---

* Le Roy v. Tatham, 22 Howard, 132.

it operated in a substantially different manner, and produced a substantially different effect upon the leather, which must be obvious, upon comparing the two machines, to every one having any acquaintance with the subject. Equally decisive evidence was also introduced by the plaintiff showing that the Green machine did not supersede his patent. Among other things the plaintiff proved that the figuring instrument described in that patent was not a revolving instrument, but an instrument for rubbing the leather, as appears by the model; that the adaptation of the pebbling roller to that machine, so that the same could be practically used therein, would require invention and was not within the common knowledge and skill of a mechanic, and that a figured, rotating cylinder, such as is described in the plaintiff's patent, had not in fact been introduced and operated in that machine prior to the plaintiff's invention.

Remark upon the question of infringement is not necessary, as that issue was found by the jury for the plaintiff, and there is no exception calling for any review of the instructions given by the court.

Suggestion is made in the opinion just read that perhaps the judgment might be reversed upon the ground that the invention was not patentable.* Patented inventions which are not new and useful, or which did not require any invention as compared with what existed, and was in use before, may doubtless be held invalid on that account, but the question whether a particular invention is new and useful, or whether it did require any invention to produce it, as compared with what existed before, are everywhere admitted to be questions of fact for the jury, and certainly no such question is open here for the determination of this court under this bill of exceptions.† Such a remark cannot have been well considered, as the authorities are all the other way; but if it were otherwise the bill of exceptions shows

---

* Many *v.* Jagger, 1 Blatchford, 372; Wilbur *v.* Beecher, 2 Id. 132.

† Curtis on Patents, § 41; Lowell *v.* Lewis, 1 Mason, 182; Winans *v.* Railroad, 2 Blatchford, 297; Bedford *v.* Hunt, 1 Mason, 302; Hall *v.* Wiles, 2 Blatchford, 194.

that the finding of the jury was right, as it appears that the pebble finish can be made cheaper and better by the plaintiff's machine than by any other machine or instrument known in the trade, which is a complete answer to both suggestions.

Valuable as the property of the plaintiff in this invention is, I cannot concur in the judgment which assigns it to an infringer. Most modern patents are for new combinations of old elements, just like the present one, but many of them are of great utility, and they are as much within the protection of the patent law as those of any other class.* Such patents being for the combination only, no one can be held liable for infringing the invention unless it be shown that the infringer uses all of the elements which compose the combination, showing that the public have the most ample security that nothing will be protected by the patent except what was in fact invented by the patentee.†

Where an invention is for distinct combinations which are separable, and where it embraces two distinct improvements, one having respect to the operative part of the machine and the other to the motive power, it is entirely competent for the commissioner to grant separate claims for the two combinations in the same patent, or he may, under existing laws, grant separate patents for each combination, if it is new and produces a new and useful result.

Two combinations are embraced in this patent: one consisting of a combination of certain described mechanical devices with the roller to do the work of pebbling the leather, the other consists of the described combination to raise and lower the table; and the one last named is admitted to be new and useful, and therefore valid, but the opinion of the court surrenders the first one to infringers, and of course the property of the inventor is rendered of no value.

---

* Union Sugar Refinery *v.* Matthiessen, 2 Fisher, 605.

† Prouty *v.* Ruggles, 16 Peters, 341; Carver *v.* Hyde, Ib. 520; Stimpson *v.* Railroad, 10 Howard, 346; Barrett *v.* Hall, 1 Mason, 477; Howe *v.* Abbott, 2 Story, 194.