### KAPPES and others *v.* HARTUNG.

*(Circuit Court, S. D. New York. February, 1885.)*

PATENTS FOR INVENTIONS—MOSAIC FLOORS—KAPPES' PATENT—INVENTION.
Patent No. 87,853, granted to J. George Kappes, March 16, 1869, for an improved mosaic floor, *held* void for want of invention.

In Equity.

*Briesen & Steele* and *Antonio Knauth*, for complainants.

*Ludwig Semler, Edward C. Schaffer*, and *Frost & Coe*, for defendant.

COXE, J. This suit is brought by the complainants, as representatives of J. George Kappes, deceased, for infringement of letters patent, No. 87,853, granted to him March 16, 1869, for an improved mosaic floor. The patentee says:

"This invention relates to a new manner of arranging the lower soft-wood layer of that kind of mosaic floors in which the ornaments are produced from very thin pieces of hard wood; and the invention consists in constructing the said soft-wood layer of narrow pieces, or bars, which are grouped together in such manner that the separate plates, composed of such groups, will not be able to shrink, so as not to displace the hard-wood covering which is glued upon them."

A number of narrow, parallel strips of soft wood, *b*, *b*, are connected by tongues and grooves. To the ends of these are fastened, in like manner, transverse strips, *c*, *c*, of equal thickness, the grain

of the end and parallel strips running at right angles. Upon the top of the plates thus constructed the mosaic flooring, *a*, is laid. The claim is as follows: "The combination of the parallel bars, *b, b,* cross-bars, *c, c,* and the upper layer, *a,* connected together in the manner described, the whole forming squares for mosaic floors, as herein set forth and shown." The defenses are, prior use and lack of invention. It therefore becomes necessary to ascertain what was known, prior to the patent, with reference to flooring of this character and other kindred subjects.

The complainants' expert testifies that "the tongued and grooved arrangement between the center strip is so old and well known a device in carpentry as to be in no sense an element of the invention in question." The patentee admits, in the description, that sectional marquetry flooring, laid upon single pieces of soft wood, was old. The defendant proved, by uncontradicted testimony, that the precise construction of the lower layer, as shown in the specification, was very old, and had before been used in pastry-boards, drawing-boards, doors, wainscoting, portable sectional floors, table tops, mirror backs, wash-tub lids, door-jam heads, desk tops, drawer fronts, fire-place inclosures, church-pew backs, counter fronts, and, in many instances, as a foundation for hard-wood veneer. The defendant also proved that in 1864 the firm of Ziegler & Co. imported, from Vienna, designs of marquetry flooring similar in every respect to the construction shown in the patent; that they remained, as samples, in the possession of the firm till 1879, when they were sold with the rest of the stock at public auction. During this time they were openly and frequently exhibited to customers. It is by no means certain that the defendant has not succeeded in proving a complete anticipation by the evidence relating to the Vienna designs. *Parker* v. *Ferguson,* 1 Blatchf. C. C. 407. But let it be assumed that the record shows nothing more than this; that both the mosaic flooring and the soft-wood foundation were well known; that the former had previously been laid, in sections, on single pieces of soft wood, and that the latter had been used as a foundation for hard-wood veneer. In the light of all this knowledge is the person who simply laid hard-wood marquetry on soft-wood strips, tongued and grooved together, entitled to the rewards of an inventor? Doubtless a floor constructed on the principle of the lower layer described in the patent, would preserve a carpet or an oil-cloth longer than an ordinary one, but is he who first lays down an oil-cloth on such a floor entitled to a monopoly—to a patent for a combination of the oil-cloth with the flooring? The men who placed the old swiveling car-truck under the forward end of a locomotive, who substituted the figured roller for the plain one, who attached the mirror to the front hood of a street car, displayed, respectively, as much ingenuity as he who placed the old soft-wood foundation under the old mosaic flooring. *Pennsylvania R. Co.* v. *Locomotive Truck Co.* 110 U. S. 490; S. C. 4 Sup. Ct. Rep. 220; *Stimpson* v. *Woodman,* 10

Wall. 117; *Stephenson* v. *Brooklyn Cross-town R. Co.* 14 FED. REP. 457.

Giving to the evidence the most favorable interpretation for the complainants, it shows that Kappes exercised mechanical skill merely. The problem was to produce a suitable foundation for an inlaid floor. Experience had demonstrated that strips of soft wood, tongued and grooved, and provided with end-pieces, would, for many purposes, resist the tendency to shrink and swell. This Kappes knew. He constructed a square in the well-known manner, and said, "Lay the flooring on that." This was not invention. It was what any skilled cabinet-maker would say. To adopt the language of the supreme court in the recent case of *Hollister* v. *Manufacturing Co.* 5 Sup. Ct. Rep. 717, the idea seems "not to spring from that intuitive faculty of the mind put forth in the search for new results or new methods, creating what had not before existed, or bringing to light what lay hidden from vision, but, on the other hand, to be the suggestion of that common experience which arose spontaneously and by a necessity of human reasoning in the minds of those who had become acquainted with the circumstances with which they had to deal. * * * It is but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the material supplied, by a special knowledge, and the facility of manipulation, which results from its habitual and intelligent practice; and is in no sense the creative work of that inventive faculty which it is the purpose of the constitution and the patent laws to encourage and reward."

There should be a decree for defendant.