### KURSHEEDT MFG. CO. v. NADAY et al.

### SAME v. ADLER et al.

(Circuit Court, S. D. New York. August, 1900.)

1. PATENTS—INVENTION—COMBINING OLD DEVICES.

The incorporation of a device known in the prior art, but used by hand, into a machine also known in the prior art, where it performs the same function as before, without any change in the mode of operation, does not involve invention, but merely mechanical skill.

2. SAME—CONSTRUCTION OF CLAIMS.

The fact that neither the claim nor the specification of a patent mentions a function which is later claimed by the patentee to constitute an important feature of his invention is significant, and makes against the construction contended for.

3. SAME—INFRINGEMENT—PLAITING MACHINE.

The Panse patent, No. 595,728, for a plaiting machine, in which the only features claimed to be novel are the peculiar shape of the knife or blade, and the manner of permanentizing the shape given to the fabric, if sustainable at all, is entitled to only a very narrow construction, and relates only to what are known as "side-plaiting machines," in which there is a vibratory motion of the knife and a step-by-step movement of the rolls, and is not infringed by a machine which has neither of such movements.

In Equity. Suit for infringement of a patent. On final hearing.

Briesen & Knauth, for complainant.

Benno Loewy and Hector T. Fenton, for defendants.

TOWNSEND, District Judge. Hearing on usual bill and answer raising questions of patentability and infringement of the first claim of complainant's patent, No. 595,728, granted December 21, 1897, to it as assignee of F. W. Panse, for a plaiting machine. Said claim is as follows:

"In a machine for forming wavy-edged plaiting, the combination of a blade for forming the plaits, the plait-forming edge thereof being of a continuously-undulating outline, and the waves in the edge being of such depth as to impart a wavy edge to the plaits, and means for permanentizing the plaits imparted to the fabric by the said edge."

This claim was originally rejected in the patent office, on the Storm patent. It was finally allowed only upon the insertion of the following language insisted on by the examiner, namely:

"The plait-forming edge thereof being of a continuously-undulating outline."

The issue should be decided in favor of the defendants, for the following reasons:

1. The complainant's expert is forced to admit that the machine only differs from the well-known machines of the prior art in "the peculiar shape given to the knife or blade." This peculiar shape, described in the patent as being of a "continuously-undulating outline, and the waves in the edge being of such depth as to impart a wavy edge," etc., only differs from the ordinary machine-plaiting blades of the prior art in having its edges alternately convex and concave. The blade is given this shape merely in order to produce a specific form of wavy plait, instead of other prior forms of plaits. It involves nothing more than a change of the surface in order to cause a corresponding change in the shape of the fabric which is plaited.

2. Such a blade, having a similar wavy surface, was known in the art of hand-plaiting machines. Whether it was used in an operative machine or not is immaterial, because it sufficiently disclosed the element claimed to constitute invention herein. The most that can be claimed by complainant is that the patentee put the blade of the hand-plaiting machine of the prior art into the well-known side-plaiting machine of the prior art, without any change in the mode of operation. In that event the case of Stimpson v. Woodman, 10

Wall. 117, 19 L. Ed. 866, is exactly in point. The patent in suit was for a machine for pebbling leather. There "the only difference between the prior machines and the plaintiff's is that the metallic roller in the former had a smooth, and in the latter a figured, surface. * * * This figured revolving roller was old, and the use of it in pebbling leather was also old and well known. The same pebbled grain * * * had already been produced on leather by subjecting it to pressure while rolling over the table on which the leather was placed. But this pressure was produced by means of hand devices." The court held that the change involved simply mechanical skill. This case has been repeatedly cited and followed by the supreme court of the United States.

3. The sole substantial claim of patentable novelty asserted by complainant is that this form of blade distorted the fabric, and thus, in connection with the heated roll, permanentized such changed shape of the fabric. The permanentizing feature, however, was old in all the plaiting machines of the prior art. The claim of a new function by which the fabric was distorted is nowhere even hinted at in the patent, and appears to be due to the inventive genius of the expert and counsel for complainant, rather than to that of the patentee. "If this feature be an advantage, as now claimed, it is strange that no allusion is made to it in the specifications." Fastener Co. v. Kraetzer, 150 U. S. 111, 116, 14 Sup. Ct. 48, 49, 37 L. Ed. 1019, 1021. As Judge Colt, delivering the opinion of the court of appeals, says in MacColl v. Loom Works, 37 C. C. A. 346, 95 Fed. 982:

"In the construction of a patent, the omission of the patentee to point out or refer in his specification or claims to the special feature which he subsequently maintains is the most important part of his invention is very significant, and should be carefully scrutinized."

Other cases to the same effect are cited in said opinion.

4. The alleged invention relates to what are known as "side-plaiting machines," in which there is a vibratory motion of the knife and a step-by-step motion of the rolls; said motions being characteristic of side-plaiting machines. The defendants do not use side-plaiting machines. They use chain-fluting machines, which have no vibratory or step-by-step movement at all. The expert for complainant is forced to admit that there is a radical difference in construction and operation between side-plaiting and chain-fluting machines. It is clear from the patent that the patentee had in mind the application of this particular shape of knife blade to a machine having a vibratory and step-by-step motion. The language of the specification and claim distinctly shows that there must be two such distinct motions of the two distinct parts of the machine, which must have certain definite motions in order to form a plait. The patentee says:

"The operation of the machine shown is as follows: When the shaft, a, is rotated, the rollers receive a step-by-step motion through the medium of the lever, m, and its connected parts, and the blade, s², is given a vibrating movement by the vibrating link, s⁵, and its connected mechanism."

In each of these two cases the defendants use one machine only. If the patent can be sustained upon the limited construction permissible in these circumstances, the defendants do not infringe.

In view of the conclusion reached upon the foregoing consideration, it is unnecessary to discuss the further arguments of defendants based on the fact that one of the defendants saw in Paris a machine like the one he now uses, and ordered the machine now alleged to infringe nearly a year before the date of the patent in suit, and on the contention that the patent is so indefinite that an essential part of the claims is left to be determined by experiment, and that defendants used, not plaiting machines, but fluting machines. Let the bill be dismissed.