## Case No. 1,217.

### BEDFORD v. HUNT et al.

[1 Mason, 302;[1] 1 Robb, Pat. Cas. 148.]

Circuit Court, D. Massachusetts. Oct. Term, 1817.

PATENTS FOR INVENTIONS—NOVELTY AND USEFUL-
NESS—EVIDENCE—PRIOR LIMITED USE.

1. By useful invention in the patent act of the United States [of 1793, (1 Stat. 318, c. 11)] is meant, an invention, which may be applied to a beneficial use in society, in contradistinction to an invention injurious to the moral health or good order of society.

2. It is of no consequence, whether its utility be general or limited to a few cases; and it is not necessary to establish, that the invention is of such general utility, as to supersede all other inventions now in practice to accomplish the same purpose.

[Cited in Blake v. Smith, Case No. 1,502; Seymour v. Osborne, 11 Wall. (78 U. S.) 549.]

3. The first inventor, who has put the invention in practice, and he only, is entitled to a patent. Every subsequent patentee, although an original inventor, may be defeated of his patent right, upon proof of such prior invention put in actual use. The law in such case adopts the rule, "qui prior est in tempore, potior est in jure." In order to defeat a subsequent patent, it is not necessary to prove, that the invention has been previously in general use, and generally known. It is sufficient, if the same invention has been previously known and put in actual use, however limited the use, or the knowledge of the invention, might have been.

[Distinguished in Watson v. Bladen, Case No. 17,277. Cited in Sturtevant v. Greenough, Id. 13,579; Parkhurst v. Kinsman, Id. 10,757; Rich v. Lippincott, Id. 11,758; Johnson v. Root, Id. 7,409; Coffin v. Ogden, Id. 2,950; Stimpson v. Woodman, 10 Wall. (77 U. S.) 125; Coffin v. Ogden, 18 Wall. (85 U. S.) 125; Sewall v. Jones, 91 U. S. 171; Pickering v. McCullough, Case No. 11,121; Christie v. Seybold, 5 C. C. A. 39, 55 Fed. 75.]

[At law. Action by William Chadwick, assignee of John Bedford, against William Hunt and others, for infringement of letters patent. Verdict for defendants.]

This was an action on the case for the infringement of a patent right. Bedford, [on July 16,] 1806, obtained a patent for a new and useful improvement in the making of boots, bootees, and shoes. He afterwards sold out to different individuals the right to use this patent in particular towns. The real plaintiff in this case was William Chadwick, to whom such a right had been sold by Bedford; and within whose limits the defendant had manufactured boots, &c. after the manner described in the patent, and vended the same, without having purchased, either of the plaintiff or of Chadwick, the right so to do. The general issue was pleaded, and under it the defendant endeavoured to prove,

that the improvement, for which the patent was obtained, was not new; and produced evidence to show, that shoes of the same description had been made many years before. It was also contended, that the invention was not useful; but upon experience had been found not to answer the purpose expected, and that this mode of making boots and shoes had been of late much laid aside.

The case was argued by Webster and Thurston, for plaintiff, and by Blake and Orne, for defendants.

In the course of the argument, the following questions of law were made to the court. 1st. What degree of usefulness in an invention or improvement the law required, in order to support a patent? 2dly. Into how general use, a prior inventor must have introduced an invention or improvement, in order to render void the privileges of a subsequent patentee? On these points the jury were instructed, in the charge, as follows.

STORY, Circuit Justice, (after stating the facts.) No person is entitled to a patent under the act of congress unless he has invented some new and useful art, machine, manufacture, or composition of matter, not known or used before. By useful invention, in the statute, is meant such a one as may be applied to some beneficial use in society, in contradistinction to an invention, which is injurious to the morals, the health, or the good order of society. It is not necessary to establish, that the invention is of such general utility, as to supersede all other inventions now in practice to accomplish the same purpose. It is sufficient, that it has no obnoxious or mischievous tendency, that it may be applied to practical uses, and that so far as it is applied, it is salutary. If its practical utility be very limited, it will follow, that it will be of little or no profit to the inventor; and if it be trifling, it will sink into utter neglect. The law, however, does not look to the degree of utility; it simply requires, that it shall be capable of use, and that the use is such as sound morals and policy do not discountenance or prohibit. In the present case there cannot be the slightest doubt, upon the evidence, that the patent is for a useful invention, in a very large sense.

It is not sufficient, however, that the invention is useful; it must also be new. The statute declares it a good defence to an action for the infringement of the patent right, that the thing secured by the patent was not originally discovered by the patentee, but had been in use, or had been described in some public work anterior to the supposed discovery of the patentee. The first inventor, who has put the invention in practice, and he only, is entitled to a patent. Every sub-

sequent patentee, although an original inventor, may be defeated of his patent right upon proof of such prior invention being put into use. The law in such case cannot give the whole patent right to each inventor, even if each be equally entitled to the merit of being an original and independent inventor; and it therefore adopts the maxim, "qui prior est in tempore, potior est in jure." And to the present defendant it is perfectly indifferent, whether the first inventor has taken out a patent, or has dedicated the invention to the public, or not; for he may stand upon the defence, that the plaintiff is not the first inventor, who put the invention in use.

It has been argued by the plaintiff, that the defence set up by the statute does not apply, except in cases, where the invention, or (as the statute expresses it) the thing originally discovered, has been before generally known and in general use, among persons engaged in the art or profession, to which it properly belongs. But I do not so understand the language of the statute. To entitle a person to a patent as a first inventor, it is certainly not necessary for him to establish, that he has put his invention into general use, or that he has made it generally known to artisans engaged in the same business. And yet, upon the argument we are considering, unless it were so generally known and in use, he would be defeated by a patentee, who was a subsequent independent inventor. The intent of the statute was to guard against defeating patents by the setting up of a prior invention, which had never been reduced to practice. If it were the mere speculation of a philosopher or a mechanician, which had never been tried by the test of experience, and never put into actual operation by him, the law would not deprive a subsequent inventor, who had employed his labor and his talents in putting it into practice, of the reward due to his ingenuity and enterprise. But if the first inventor reduced his theory to practice, and put his machine or other invention into use, the law never could intend, that the greater or less use, in which it might be, or the more or less widely the knowledge of its existence might circulate, should constitute the criterion, by which to decide upon the validity of any subsequent patent for the same invention. I hold it, therefore, to be the true interpretation of this part of the statute, that any patent may be defeated by showing, that the thing secured by the patent, had been discovered and put in actual use prior to the discovery of the patentee, however limited the use or the knowledge of the prior discovery might have been. And in the present case, I have little difficulty in holding, that the prior use is sufficiently established, if the testimony is believed; and that the only point of doubt is, as to the identity or diversity of the inventions.

Verdict for the defendants.