STANLEY (LESTER v.). See Case No. 8,-277.

STANLEY (UNITED STATES v.). See Case No. 16,376.

━━━

## Case No. 13,286.

### STANLEY v. WHIPPLE.

[2 McLean, 35;[1] 2 Robb. Pat. Cas. 1.]

Circuit Court, D. Ohio. Dec. Term, 1839.

PATENTS — INVENTION — CORRECTED SPECIFICATIONS—UTILITY—NEW TRIAL—PLEADINGS.

1. To entitle an individual to an exclusive right, under the patent law, his invention must be substantially different from any machine or thing in use.

2. A patent is void where, in his specifications, the patentee claims more than he has invented.

3. Under the patent law of 1836, a patent which contains corrected specifications, has relation back, and, for all legal purposes, covers the whole time, from the emanation of the first patent, which, for defective specifications, had been declared void.
[Cited in Hussey v. Bradley, Case No. 6,946; House v. Young, Id. 6,738; Bowman v. Read, 2 Wall. (69 U. S.) 604.]

4. In such case a contract to sell the right is made good by the second patent.

5. A patent, to be valid, must be of some utility.
[Cited in Rowe v. Blanchard, 18 Wis. 442.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

6. The books of a party are not evidence, unless made so by a call to produce them, &c.

7. A verdict will not be set aside where the evidence conflicts. It was for the jury to weigh the evidence. A declaration must contain a statement of facts, which in law, gives the plaintiff a right to recover.

8. This is the question to be answered on a demurrer. But after verdict, defects, in substance, are cured, if, from the issue in the case, the facts omitted, or defectively stated, may fairly be presumed to have been proved on the trial.

[Cited in Illinois Cent. R. Co. v. Simmons, 38 Ill. 244; McClure v. McClure, 19 Ind. 188; Pennsylvania Co. v. Ellett, 132 Ill. 163, 24 N. E. 562.]

9. Where a contract binds the defendant to pay five dollars for each stove sold, as in this case, the special contract need not be declared on; the amount received may be recovered on the general count for money had and received.

[See Ames v. Le Rue, Case No. 327.]

[10. Cited in Allen v. Blunt, Case No. 217, to the point that, if the damages are slightly more than the court deem proper, they are not to be regarded as a ground for a new trial.]

[11. Cited in Brooks v. Bicknell, Case No. 1,-944, to the point that specifications which show the parts patented, and so clearly describe their structure as to enable a person, possessing ordinary skill, to construct such an article, are sufficiently certain to answer all legal requirements.]

[This was an action by Henry Stanley against Emor Whipple. Heard on motion in arrest of judgment.]

Mr. Chase, for plaintiff.

Messrs. Storer & Eells, for defendant.

OPINION OF THE COURT. The defendant's counsel moved the court for a new trial, on the following grounds: First, that the verdict of the jury is against law and evidence; second, the damages given by the verdict are excessive; third, because the court erred in its instruction to the jury to exclude the evidence from the defendant's books; fourth, because the court erred in its instruction to the jury, that the second patent, if valid, had relation back to the time when the first patent was obtained.

The court will consider the first and fourth grounds in connection. The contract, on which this action is brought, is dated the 3d of October, 1832, in which Stanley agrees to sell to the defendant the right of making and vending a stove, for which he claims a patent (which patent is not yet obtained) in the city of Cincinnati, Ohio, &c., for which the defendant agrees to pay five dollars for each stove that he shall make and sell, &c. The plaintiff, after proving the contract, and giving it in evidence, introduced his patent, dated the 28th November, 1836. This patent is objected to on the ground, that its date is long subsequent to the date of the contract; and, it is contended, that it does not make good the right of the plaintiff from the time he originally applied for a patent and obtained one, which proved to be inoperative and void. It appears the first pat-ent of the plaintiff, for his invention was obtained the 17th December, 1832; and which was declared to be void and inoperative by the circuit court of the United States, for the Southern district of New York, on the ground that the specifications claimed more than the patentee had invented. And, particularly, that he claimed, as his invention, a rotary top, &c., which was in use before he set up any right to it. The plaintiff, after this decision, obtained another patent, on different specifications, dated as above. It is insisted that the specifications of the second patent are defective, and that the plaintiff cannot sustain an exclusive right under it. The court think that, on this ground, the second patent is not objectionable. The specifications show clearly what parts of the stove the patentee claims to have invented; and the stove is so clearly described, in its structure, as to enable a person, possessing ordinary skill in the construction of stoves, to build one; and this is all the certainty which the law requires.

Under the thirteenth section of the patent law, passed the 4th July, 1836 [5 Stat. 122], the second patent has relation back to the emanation of the first patent, as fully for every legal purpose, as to causes subsequently accruing, as if the second patent had been issued at the date of the first one. It is under this patent, then, that the right of the plaintiff must be examined. In the defence it is strongly insisted, that the contract was made with a reference to the stove for which the first patent was obtained, and that the specifications, used in the first patent, were supposed, by the defendant, to be the improvements of the plaintiff, and constituted the consideration of the contract; and that, as these specifications were limited to the parts of the stove invented by the plaintiff, by reason of which the first patent was void, there was a failure of the consideration of the contract. The contract was respecting "a stove for which the plaintiff claims a patent." There was no description of the constituent parts of the stove, or of the parts which the plaintiff claimed as his invention, in the contract. Whatever remarks may have been made by either of the parties, while negotiating respecting the contract, it is very clear that such remarks cannot be given in evidence. The contract was reduced to writing, and there is nothing ambiguous on its face; the parties, therefore, cannot, by parol evidence, change, in any respect, the clear import of the written agreement. The defendant, in his advertisements respecting the stove, calls it "Stanley's patent stove." The second patent legalizes the rights of the patentee, from the date of the first patent; and, if this effect be given to it, it must sustain the contract made in this case. Stanley having an exclusive right, could convey it in whole, or in part. And it must be immaterial to the defendant whether the right of the plaintiff

was made good by the first patent, or, by relation, under the second patent. It appears a stove was invented by Towns and Gould, in 1824, which had a rotary top, but it seems not to have had any of the improvements which the plaintiff claims to have invented in his second specifications. Nor is it proved that there was any stove in use, prior to that of the plaintiff's, with a rotary top, moved by a cog and pinion, and put in motion by a crank; or which contained a combination of parts, or application of principles, similar to those in the plaintiff's second and corrected specifications. The lever applied on the top part of the stove, which several of the witnesses speak of, as an improvement on Stanley's invention, was subsequently applied; and was done to evade Stanley's patent, as some of the witnesses expressly state. If it was, in the language of the witnesses, an improvement upon Stanley's plan, of course, it must have been subsequent to it. The jury were instructed that a mere formal difference can not be protected by a patent. That the difference must be substantial; and that, if they shall find that a stove was in use prior to the plaintiff's invention, substantially like his, he can claim no exclusive right under his patent. There was, however, no such evidence before the jury; and, on this part of their verdict, there is no ground of complaint.

But, it is contended, that the invention must be shown to be of some utility; and that, in this respect, the plaintiff has failed.

It was wholly unnecessary for the plaintiff to introduce any evidence to prove that which the defendant so repeatedly and publicly admitted. In his advertisement of this stove, he speaks of it as one of the most useful inventions; and that, in the parts of the country where it had been introduced, it had superseded all others. And, in addition to this, he states, that he has evidences of the great utility of the stove, from gentlemen of great respectability in our eastern cities; and he publishes the certificates of more than twenty citizens of respectability in Cincinnati to the same effect. We are satisfied, therefore, that the verdict of the jury should not be set aside on any of the arguments urged, under the first and fourth grounds assigned.

The ground that the court erred in excluding the copy from the books, as evidence, will be next considered. The counsel do not contend that the books are, in themselves, evidence; but, they insist that the copy from them, attached to the deposition of the book-keeper, which he swears is a true copy, is made evidence by the counsel of the plaintiff. The counsel for the plaintiff did not call for the books, or ask a single question in regard to their contents. How, then, has he made the books evidence? He admonished the book-keeper, some time before his deposition was taken, to be cautious in his statements, as there was some discrepancy in a deposition, or dep-

ositions, which he had formerly given on the subject; and the counsel advised him to refresh his memory by a reference to the books. This does not make the books, or their contents, evidence in this cause; and, consequently, the court, very properly, excluded the above copy from the jury.

The counsel insist that the damages are excessive, and that, on this ground, a new trial should be granted. The damages assessed by the jury, being fifteen thousand dollars, are large; and it is a subject of regret, that a less sum had not been found. But we must look into the evidence, and see whether the verdict is sustained by it. The depositions of Snyder, Woodruff, and Roff, go the whole length of the verdict. And although the defendant's witnesses place a lower estimate on the number of stoves sold, yet they do not speak positively; and, if they did, it was the province of the jury to weigh the evidence. Where the evidence sustains the verdict, the court cannot say that the jury should have given greater weight to other parts of the testimony, which would have limited the damages assessed to a less sum. This verdict, though large, we cannot say is against evidence, or, that it is not supported by the evidence; and the motion for a new trial is overruled. A motion, in arrest of judgment, has, also, been made and argued; and the ground is, that the plaintiff does not aver in his declaration that he ever obtained a patent, or had an exclusive right to the stove, which was the subject matter of the contract. In the first count is stated, in the words of the agreement, that the plaintiff sold to the defendant the right of making and vending a stove, for which he claims a patent (which patent is not yet obtained) in the city of Cincinnati, &c., for which the defendant agreed to pay five dollars for each stove that he should make and sell. The allegations in the second and third counts, are substantially the same. The fourth count is for money had and received. A declaration is a statement of facts, which, in law, gives the plaintiff a right to recover. And, if a demurrer had been filed in this case, the only question would have been, does the statement of facts, in this declaration, give the plaintiff, in law, a right to recover. And we will first consider the question as if raised by demurrer. Suppose the plaintiff, on the trial, had, after proving the contract, introduced evidence that, at the time the contract was entered into, he did claim a patent right for the stove, and had here closed his evidence. Could he have recovered? If he could not recover on this evidence, can the declaration be sustained? It is materially defective, if, to lay the foundation of a recovery, the proof must go farther than the allegations it contains. This is, therefore, a safe and sure test of the goodness of the declaration.

The plaintiff, on the trial, did not stop, on showing that he claimed the patent right. This was, in fact, shown by the contract itself. But he gave his patent in evidence, and proved that he not only claimed a patent, but that he

had obtained one, which was the evidence of his exclusive right. The declaration does not aver that a patent had been obtained, nor that the exclusive right was vested in him. And if he did not possess the exclusive right, there was no sufficient consideration to support the contract. It is an instrument not under seal, and does not, on its face, purport a consideration.

We think the declaration is defective in not containing the necessary averments; and if the question had been raised by general demurrer, the objection must have been fatal. But the point is brought to our consideration after verdict, on a motion in arrest of judgment; and it is important to inquire, whether the defect is cured by the verdict. The statute of jeofaile cures all defects of form, but a verdict often cures matters of substance. This is done by a legal intendment after verdict. Mr. Chitty (volume 1, Pl. 712) says, that where there is any defect, imperfection, or omission, in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts defectively, or imperfectly stated, or omitted, and, without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission, is cured by the verdict. 1 Saund. 228, n. 1. And again, he remarks, the expression, cured by verdict, signifies that the court will, after a verdict, presume, or intend, that the particular thing which appears to be defectively, or imperfectly stated, or omitted, in the pleading, was duly proved at the trial. And such intendment must arise, not merely from the verdict, but from the united effect of the verdict, and the issue upon which such verdict was given. On the one hand, the particular thing which is presumed to have been proved, must always be such as can be implied from the allegations on the record, by fair and reasonable intendment. In illustration of this rule several cases are referred to, and, among others, one from 2 Bing. 464. The plaintiff in an action of assumpsit stated, that he had retained the defendant, (who was an attorney,) to lay out seven hundred pounds in the purchase of an annuity, and that the defendant promised to lay it out securely; that the plaintiff delivered the money to the defendant accordingly, but that the defendant laid it out on a bad and insufficient security. After verdict, it was objected, on a writ of error, that no consideration appeared in the declaration; that it was not averred that the promise was in consideration of the retainer, nor that the retainer was for reward; but the court held that it was absolutely necessary, under the declaration, that the plaintiff should have proved, at the trial, that he had actually delivered the money to the defendant, and that the latter had engaged to lay it out; that the delivery of the money, for this purpose, was a sufficient consideration to support the promise; and that, although it was not expressly alleged in the declaration, it was, in fact, the consideration for the promise, the court would intend, after verdict, that such was the consideration. And so in the case under consideration. The declaration does not aver that the plaintiff had obtained a patent, or that the exclusive right was vested in him; but he states that he claimed a patent, and that the defendant possessed and enjoyed the right under the contract; and from these statements, and the issue that was made up, the court must presume that, on the trial, the exclusive right was proved to be in the plaintiff. The plaintiff's title was defectively set out, and, in such cases, after verdict, the court will presume that the facts showing the right were proved on the trial. This intendment, we think, is fairly presumed from the allegations on the record.

As, in our opinion, the defect in the declaration is cured by the verdict, it is unnecessary to say any thing on the general count for money had and received. To recover, under that count, it is necessary to show that money has been received; but a jury might well infer the receipt of the money from the fact of the sale of the stoves. And, although the contract was special, yet, if it appear to be executed, and not open and subsisting, it is a well settled principle that the plaintiff may recover on the general count, for money had and received. If the action be brought for a breach of the contract, and it has not been put an end to, by the act of the party, the remedy is on the contract, and not on the general count. In this case the plaintiff claims a right to recover only five dollars for each stove which the defendant has made and sold. He, therefore, goes for the money received, and not for damages for any other violation of the contract.

The motion in arrest of judgment is overruled.

[For another case involving this patent, see Stanley v. Hewitt, Case No. 13,285.]