ROWE vs. BLANCHARD and others.

Where a patented invention is practically useless, the assignment of a right to construct and use the same under the patent, does not constitute a consideration for a promissory note.

In an action upon such note, the question whether the invention was useful must be left to the jury, under proper instructions.

A useful invention, within the meaning of the acts of congress relating to patents, is one that may be applied to some practical and salutary use named in the patent; but it is not necessary that it should be of such general utility as to supersede all other inventions used to accomplish the same purpose.

In an action upon a note given for a patent right, where failure of consideration was set up as a defense, it was error for the court to refuse to instruct the jury at the request of the defendant, that if the article patented, "was impracticable to be used for *the purpose for which it was patented*, then the defense of failure of consideration was established." It was also error to instruct the jury "that if the invention patented was useful in some measure and for some purpose, the patent was not void."

APPEAL from the Circuit Court for *Milwaukee* County.

One Coe obtained letters patent from the United States for a certain "improvement in harrows," and in 1860 assigned the right to make and sell the same in the state of Illinois to *Blanchard* and *Arnold*, the defendants in this action. In part payment therefor, the defendants executed to Coe their two notes, each for $466.66. After the notes became due, they were transferred to the plaintiff, who brought this action upon them, claiming to be the lawful owner and holder. The answer set up as a defense an entire failure of the consideration, alleging that the "improved harrow" constructed in accordance with the patent, was "as an agricultural implement, wholly unfit and impracticable for use, and wholly worthless, and that the said pretended improvement then was, and ever has been, of no value whatever."

On the trial there was conflicting evidence as to the value of the patented improvement in question. The instructions given and that refused by the court, are fully stated in the opinion. Verdict for the plaintiff; motion for a new trial denied; and judgment upon the verdict; from which the defendants appealed.

*Palmer* & *Hooker*, for appellants, cited *Many v. Jagger*, 1 Blatchf., 373 ; *Lester v. Palmer*, 4 Allen, 145 ; *Dickinson v. Hall*, 14 Pick., 217.

*Peter Yates*, for respondent.

*By the Court*, DIXON. C. J.   The meaning of the word " useful," as employed in the patent act, is thus defined by Judge STORY : "By useful invention, in the statute, is meant such a one as may be applied to some beneficial use in society, in contradistinction to an invention which is injurious to the morals, the health, or the good order of society.   It is not necessary to establish that the invention is of such general utility as to supersede all other inventions now in practice to accomplish the same purpose.   It is sufficient that it has no noxious or mischievous tendency ; that it may be applied to practical uses ; and that so far as it is applied it is salutary.   If its practical utility be very limited, it will follow that it will be of little or no profit to the inventor, and if it be trifling, it will sink into utter neglect.   The law, however, does not look to the degree of utility ; it simply requires that it shall be capable of use, and that the use be such as sound morals and policy do not discountenance or prohibit."   *Bedford vs. Hunt*, 1 Robb's Patent Cases, 148 (1 Mason, 302.)   This, we believe, is the language of nearly all the authorities upon the subject.   *Lowell vs. Lewis*, Idem, 131 (1 Mason, 182) ;   *Kneass vs. The Schuylkill Bank*, Idem, 303 (4 Wash., 9) ;   *Whitney vs. Emmett*,   Idem, 567 (1 Bald., 303) ;   *Langdon vs. De Groat*, Idem, 433 (1 Paine, 203) ; *Stanley vs. Whipple*, 2 Idem, 1 (2 McLean, 35) ;   *Dickinson vs. Hall*, 14 Pick., 217 ;   *Lester vs. Palmer*, 4 Allen, 145.   The " practical uses" to which the invention may be applied, or of which " it shall be capable," we understand to be the uses intended by the patentee, and named in the patent.   Upon the question of its practicability in this case, there was a conflict of testimony.   It was a question to be decided by the jury, under proper instructions from the court.   *Park vs. Little*, 1 Robb's

Cases, 17 (3 Wash., 196.) If it was practically useless, then there was no consideration for the notes. *Dickinson vs. Hall,* and *Lester vs. Palmer, supra.* The defendants' counsel asked the court to give the jury the following instruction, which was refused: "If you find from the testimony that this harrow is impracticable to be used for the purpose for which it was patented, then the defense of want or failure of consideration is established." This was error. The instruction should have been given.

Again, the court instructed the jury, at the request of the plaintiff, as follows: "If the jury find the invention patented to be useful in some measure and for some purpose, then the patent is not void; and if not void, and they find the plaintiff to be the owner of the notes, then their verdict must be for the plaintiff." This instruction was too broad, and calculated to mislead the jury. In discussing the question of usefulness before the jury, the purpose for which the machine was invented should not be lost sight of. The jury may have supposed that, though practically useless as a harrow, yet, if it could be applied to any other purpose, the patent was good. This is clearly not the law; and though the expression "useful for some beneficial purpose," is to be found in some of the decisions, it is to be taken in a general sense as applicable to all patents, and not as implying in a particular case, where the thing invented is worthless for the purpose intended, but of possible useful application to some other, that the patent may, nevertheless, be valid.

The same objection exists to that part of the charge in which the jury were told "that if the harrow could be applied to any beneficial purpose, it might be deemed a useful invention; but if it was not capable of some such use, and was wholly worthless, the transfer of a right to make &c., would not be a valid consideration for the note."

Judgment reversed, and a new trial awarded.