JOSEPH H. WILSON and others *vs.* N. HENTGES and another.

November 26, 1879.

**Note for License to sell Patented Article—Consideration.**—The grant of a license to sell a patented article, if the patent is void, does not furnish a valid consideration for a promissory note given for the purchase price of the license. If, however, the patent be valid, though it may not be a profitable one, the grant of a license to sell it is a valid consideration for the agreement to pay the purchase price of the license.

**Same—Uselessness of Patented Article as a Defence.**—That the patent is useless is not a defence to an action to recover the price agreed to be paid for the grant of a license to sell the article, unless it is useless in the sense that will avoid the patent. If the article patented be capable of use for the purpose intended, and such purpose is a useful, and not a mischievous or noxious one, although it may not accomplish such purpose as well as other articles intended for the same purpose, the patent is not void for want of utility.

**Same—Evidence of Uselessness held Insufficient.**—On an issue that a patent for a weighing scale was void because it was useless, the only evidence was that of a witness who had seen three of the scales, and who, being asked to "describe the character of those scales, whether you could weigh anything with them," answered, "You could weigh with them, but you couldn't correct them with a Fairbanks scale;" and who, being further asked, "Would they weigh correctly?" answered, "No, sir." There being nothing to show how far they varied from absolute correctness, or whether the defect lay in the principle of the invention, or in faulty construction, or arrangement, or condition of the particular scales he saw, *held*, that the evidence is insufficient to show the invention so devoid of utility as to avoid the patent.

Appeal by plaintiffs from an order of the district court for Houston county, *Page, J.,* presiding, denying their motion for a new trial, after a trial before *Brill, J.,* (acting for the judge of the 10th district,) and a jury.

*Smalley & O'Brien,* for appellants.

*Harries & Lomen,* for respondents.

GILFILLAN, C. J.    Action on two promissory notes, executed by defendants to the "Cedar Falls Scale Company," or order, and endorsed, after maturity, to plaintiffs.

It appeared from the evidence that the payee in the note granted to Hentges the exclusive right to sell, in Vernon county, Wisconsin, for three years, a patented article called "Budge & Russell's Patent Sack-holder Weighing Scale;" and, also, that Budge & Russell, who appear to have constituted the scale company, held a contract in writing with Essler, Norris & Doolittle, of St. Peter, Minnesota, by which the latter firm agreed to manufacture the scales at a fixed price, and deliver them to Budge & Russell, or the holder of the contract, or their order, and that Budge & Russell endorsed on this contract: "Deliver scales to Hentges. Budge & Russell," and delivered it, so endorsed, to Hentges.    The grant of the right to sell the scales, and the endorsement and delivery of this contract, formed the consideration for the notes.

The defences alleged to the notes were that the payee made certain false and fraudulent representations in respect to the value and usefulness of the invention, and also represented and guaranteed that Essler, Norris & Doolittle would furnish the articles on Hentges's demand, according to the terms of said written contract, and that those persons would not, when he called on them so to do, furnish him any of the articles. There was no evidence whatever of such representations or guaranty.    It was proved that Essler, Norris & Doolittle failed to furnish any of the articles, although Hentges called upon them to do so; but neither the payee in the notes nor Budge & Russell had made themselves responsible to Hentges for anything that firm might or might not do.    The mere assignment to him of those persons' contract to furnish the articles—and its endorsement and delivery appear to have been intended as an assignment—did not make the assignors liable

for any default on the part of Essler, Norris & Doolittle. Hentges's remedy was against that firm.

The further defence was that the scales described were neither a new nor valuable invention, and they were practically useless for the purposes for which they were intended, and did not weigh correctly, and so the grant of the right to sell them did not constitute a valuable consideration for the notes. There was no evidence that the invention was not a new one. The only evidence as to its being useless was given by Hentges himself. After testifying that he procured three of the scales from one Post, he was asked to "describe the character of those scales; whether you could weigh anything with them," and answered: "You could weigh with them, but you couldn't correct them with a Fairbanks scale." Being further asked, "Would they weigh correctly?" he answered, "No, sir."

A license to sell an article on which a patent has issued, if the patent be void, passes nothing to the licensee, for he has a right to sell without it. The license assumes to give a right in its nature exclusive—a thing which has no existence if the patent be void, for everybody possesses the right. Therefore a license or grant of a right to sell in such case furnishes no valid consideration for a promise on the part of the licensee or grantee. If, however, the patent be valid, the right to sell the article is exclusive, and is, in law, a valuable right, although it may not, in fact, be a profitable one; and as one may pay, or agree to pay, what he pleases for such a right, the grant of it to him is a valid consideration for his promise to pay for it.

Where, then, it is sought to impeach a contract as without consideration, on the ground that the consideration was the grant of a right to sell a patented article, and that the article is useless, it must be shown that it is useless in the sense that will avoid the patent. *Rowe* v. *Blanchard*, 18 Wis. 441; *Lester* v. *Palmer*, 4 Allen, 145; *Dickinson* v. *Hall*, 14 Pick.

217. The patent act allows a patent to issue only for a "new and useful art, * * machine," etc. Judge Story, in *Bedford* v. *Hunt*, 1 Mason, 302, says: "By useful invention, in the statute, is meant such a one as may be applied to some beneficial use in society, in contradistinction to an invention which is injurious to the morals, the health, or the good order of society. It is not necessary to establish that the invention is of such general utility as to supersede all other inventions now in practice to accomplish the same purpose. It is sufficient that it has no obnoxious or mischievous tendency, that it may be applied to practical uses, and that, so far as it is applied, it is salutary. If its practical utility be very limited, it will follow that it will be of little or no profit to the inventor; and if it be trifling, it will sink into utter neglect. The law, however, does not look to the degree of utility; it simply requires that it should be capable of use, and that the use be such as sound morals and policy do not discountenance or prohibit." See, also, *Lowell* v. *Lewis*, 1 Mason, 182; *Rowe* v. *Blanchard*, 18 Wis. 441. If, therefore, the article be capable of use for the purpose intended, and such purpose is a useful and not mischievous or noxious one, although it may not accomplish such purpose as well as other articles intended for the same purpose, the invention is entitled to a patent.

We have no hesitation in holding the evidence in this case utterly insufficient to show the invention in question so devoid of utility that it could not be patented. That the one or three scales which Hentges saw would not weigh correctly, without anything to show how far they varied from absolute correctness, or whether the defect lay in the principle of the invention, or in faulty construction, or arrangement, or condition of the particular scale or scales, does not show nor tend to show that the invention itself is impracticable for the purposes intended by it. For this reason there must. be a new trial.

Order reversed, and new trial ordered.