CRONINGER and another vs. PAIGE.

*December 17, 1879 — January 7, 1880.*

WARRANTY: PLEADING: DAMAGES.   *(1) Warranty construed.   (2) Breach of warranty as a defense.   (3) Variance.   (4) Counterclaim for breach of warranty: measure of damages.*

1. An agreement by the vendor of a "heater," "to protect the sale from infringements on other heaters," construed as a warranty that the article sold was not an infringement of any patent.
2. In a suit by the vendor in such contract, for the purchase price, the vendee may defend on the ground that the article sold was in fact an infringement of a patent, and that, within a reasonable time, he offered to return it upon that ground, and has kept the offer good.
3. If the answer, while alleging (by way of defense) the infringement and defendant's offer to return, does not count upon the contract in accordance with the construction here given it, still, the contract being put in evidence by plaintiff, the variance may be disregarded, or the answer amended.

4. If the vendee has not kept good his offer to return, he may counterclaim in the vendor's action the damages accruing to him from the fact that the article infringes a patent, viz: the difference between the value of the article with the right to use it, and its value without that right. And where it appears that the right can be purchased for less than the price of the article, the price of the right is generally the measure of his damages.

RYAN, C. J., dissented from the judgment.

APPEAL from the County Court of *Winnebago* County.

Action to recover the price of an "Armstrong heater," sold by the plaintiffs to the defendant. On the sale, the plaintiffs agreed "to protect sale from infringements on other heaters." Defendant agreed to accept a draft for the price of the heater ninety days after the sale, payable in ten days after acceptance.

A claim was afterwards made to the defendant, by Stilwell & Bierce, that the heater was an infringement of a patent owned by them; and thereupon the defendant refused to accept a draft for the price which was presented to him for acceptance at the stipulated time, and then offered to return the heater to the plaintiffs. The foregoing facts appear from the pleadings, proofs and findings.

The cause was tried before the county judge, a jury having been duly waived. On the trial, the defendant offered evidence to prove that the heater in question was an infringement of the patent of Stilwell & Bierce, but the court refused to receive the evidence.

The court held, in substance, that the agreement "to protect sale from infringements on other heaters" was only an undertaking to indemnify the defendant against loss in case the heater was an infringement upon some patent; and that, if it was such an infringement, inasmuch as he had lost nothing thereby, he had no defense to the action. Judgment was therefore rendered for the plaintiffs for the contract price of the heater. The defendant appealed.

*John W. Hume,* for appellant:

If the heater was an infringement of a patent, not only

was there a failure of title, but the sale was illegal, and no consideration for defendant's promise. *Pacific Iron Works v. Newhall,* 34 Conn., 67; *Dickinson v. Hall,* 14 Pick., 217, and cases there cited in defendant's brief, p. 220; *Bliss v. Myers,* 8 Mass., 47. Upon every sale there is an implied warranty of title, which in case of a patented article includes, of course, any patent right embraced therein. And this warranty is not excluded by express warranties upon other points. *Boothby v. Scales,* 27 Wis., 626; *Leopold v. Van Kirk,* id., 152. It is not a fair construction of the express warranty in this case, that defendant agreed to use the article and pay for it, if found to be an infringement, and rely on the plaintiffs to refund his damages. This would be presuming an illegal contract.

For the respondents, the cause was submitted on the brief of *Weisbrod & Harshaw:*

1. The second defense cannot be held a counterclaim, because not so pleaded or designated. *Stowell v. Eldred,* 39 Wis., 615, 630. 2. Want of consideration cannot be proved under a general denial, but the facts showing illegality, if any, must be alleged. Bliss on Code Pleading, §§ 330, 352. 3. But whatever defense may be allowable under the answer, there was no error in excluding the evidence as to infringement. The terms of defendant's order indicate knowledge that there was some dispute regarding the patent. All he wanted was indemnity, which plaintiffs gave him. He seeks in this action to determine questions of infringement, or of priority between owners of adversary patents, of which the state courts have no jurisdiction. *Rice v. Garnhart,* 34 Wis., 462; *Page v. Dickerson,* 28 id., 694; *Elmer v. Pennel,* 40 Me., 430. There is no failure of consideration, because he received what he intended to buy. Benjamin on Sales, 309. Having himself sold the patented article, he cannot defend on the ground of worthlessness of the patent. *Thomas v. Quintain,* 5 Duer, 80, and cases there cited.

Croninger and another vs. Paige.

LYON, J. We think the undertaking of the plaintiffs to protect the sale of the heater from infringement on other heaters is something more than an undertaking to indemnify the defendant from loss or damages therefrom should it turn out that the heater was an infringement of some patent. The plaintiffs assumed to sell an article which the purchaser might lawfully put to its intended use, and it is reasonable to infer that the defendant intended to require them to stipulate that the use of it should not render him liable to prosecution for infringing a patent. We find nothing in the language of the contract which supports the view that the parties intended the defendant should take the risk of an infringement, without recourse to the plaintiffs, until he should be compelled to pay damages therefor at the end of a law suit. Had they so intended, it is reasonable to assume that they would have employed language to express such intention very different from that which they did employ.

It is the more reasonable view, that the defendant intended to require, and the plaintiffs to give, an undertaking or warranty that the sale and use of the heater would infringe no patent; and although the contract is awkwardly expressed, we think the term "protect sale" admits of, and should receive, the construction above indicated.

It must be held, therefore, that the plaintiffs undertook and warranted that the heater was not an infringement of any patent.

If it was such an infringement, the warranty was broken immediately upon the sale, and the lawful remedies for such breach then became available to the defendant. It has long been the settled law of this state, that, for a breach of warranty on the sale of goods, even though there is no actual fraud on the part of the vendor, the purchaser may rescind the sale by returning or offering to return the goods within a reasonable time. *Boothby v. Scales*, 27 Wis., 626, and cases cited in the opinion by DIXON, C. J. This rule is usually ap-

plied in cases where the article sold is not as warranted; but no good reason is perceived why it is not equally applicable to a case like this, where the warranty goes to the right to sell and use the article. The defendant answered and proved an offer to return the heater to the plaintiffs. The offer was made when the draft for the price thereof was presented to him for acceptance; and it is not denied that it was made within a reasonable time. He also offered to prove that the heater was an infringement of the Stilwell & Bierce patent, but the testimony was rejected. To make his offer to return available as a defense to the action, it was incumbent upon the defendant to prove the infringement. Hence, if the county court had jurisdiction to try the question of infringement, the testimony should have been received.

This court has held that in an action brought in a state court to recover the price agreed to be paid for a patent right, or for the right to manufacture and sell a patented article, the defendant, for the purpose of showing want or failure of consideration, may show that the patent is void, and for that purpose may prove that the invention is valueless, or that the patentee was not the inventor of the patented article; and he may establish the fact that the patentee is not the inventor, by proof that the invention had been in use before the patent issued, or that the patent is an infringement of a prior patent. Rowe v. Blanchard, 18 Wis., 441; Page v. Dickerson, 28 Wis., 694; Rice v. Garnhart, 34 Wis., 453.

At the same time it was freely conceded in those cases that the federal courts have exclusive jurisdiction of all actions to annul letters patent, or actions between owners of adversary patents, to determine questions of infringement or priority.

It does not appear that the "Armstrong Heater" is a patented article, unless it is covered by the patent of Stilwell & Bierce. The record does not show that the plaintiffs claim any patent upon it. The validity of Stilwell & Bierce's patent is not assailed. The only question is, whether the "Arm-

strong Heater " is covered by their patent.  Hence, we have here no question of the validity of a patent right, and no contest between adversary patentees.

We are clearly of the opinion that the rejected testimony should have been received; and, on the authority of the cases above cited, we should strongly incline to the same opinion were the question of the validity of a patent involved in the issue.

The fact that the heater in controversy is an infringement of Stilwell & Bierce's patent, and the offer to return the same to the plaintiffs, are alleged in the answer.  The answer also alleges a contract by the plaintiffs to protect the defendant in the use of the heater and against suits brought against him for using it.  In the statement of the contract the answer is somewhat obscure, and it may be that it does not count upon the contract in accordance with the construction we have given it.  But the contract was introduced by the plaintiffs as a part of their case; and, if there is a variance between it and the answer, the variance is immaterial, and may be disregarded, or the answer may be amended at any time to correspond with the facts.  It would have been better pleading had it been averred in the answer, as the fact is, that the plaintiffs undertook and promised to protect the sale of the heater from infringements on other heaters.

The facts stated in the answer are pleaded as a defense to the action, and not as a counterclaim.  Under the contract, as we construe it, had the defendant proved, in addition to his offer to return the heater, that it infringed the patent of Stilwell & Bierce, he would have established a valid defense to the action.  It follows that those facts are well pleaded as a defense.

It does not appear whether the defendant has kept good his offer to return the heater.  He may have used it with or without purchase of the right to do so from Stilwell & Bierce, or he may have sold it.  In either case he is not in a situation

to return it and thus defeat the action, but his only remedy will be to interpose a counterclaim for damages. If the exigencies of the case demand it, the county court will allow further pleadings in that behalf. The rule of damages on such counterclaim is the difference between the value of the heater with the right to use it, and its value without such right. The amount of such difference will generally be the value of the royalty, as it is called, or the right to manufacture, sell or use a patented article.

We find in the record (though we are not sure that it is part of the evidence) a letter from Stilwell & Bierce to the defendant offering to sell him the right to use the heater in question for $35. If, therefore, the defendant proves the infringement claimed, it is probable that the damages can be readily ascertained.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial.

