NATIONAL AUTOMATIC DEVICE Co. *v.* LLOYD *et al.*

*(Circuit Court, N. D. Illinois.* September 23, 1889.)

PATENTS FOR INVENTIONS—UTILITY—GAMBLING DEVICES.
   The only use to which the invention described in letters patent No. 410,981, granted September 10, 1889, to Fred. N. Lang, for a "Toy Automatic Race-Course," has been put, being for gambling purposes, it is not a useful invention, within the meaning of the patent laws of the United States.

In Equity.   On motion for injunction *pendente lite.*
   *Selden Fish* and *Banning, Banning & Payson,* for complainant.
   *W. C. Hoyer, H. D. Paul, B. M. Shaffner,* and *George Burry,* for defendants.

BLODGETT, J.   Complainant moves for an injunction *pendente lite* in this case.   The bill charges the infringement of patent No. 410,981, granted to Fred. N. Lang, on the 10th day of September, 1889, for a "Toy Automatic Race-Course," and contains the usual prayer for an injunction and accounting.   The device covered by the patent is a shaft projecting upwards from the center of the base of a circular shell or case, from 15 to 18 inches in diameter, to which shaft a clock-work mechanism is so geared that it can be made to revolve rapidly by releasing the escapement of the clock-work.   On this shaft are mounted two or more radial arms, to the ends of which are attached small toy figures of horses.   These radial arms are attached to the shaft by separate collars so loose that they turn easily on the shaft.   The clock-work escapement is released by dropping a nickel coin through a slot in the machine, whereupon the shaft commences to revolve rapidly, carrying the radial arms with it, but, after a certain number of revolutions, the force of the clock-work is cut-off, and the radial arms continue to revolve, from the *momentum* they have obtained while the clock-work was going, until such arms finally stop from friction and the resistance of the air.   Several objections are urged against the motion for an injunction, such as that the bill is multifarious, non-infringement, etc., which I do not deem it necessary to consider, as it seems to me there is sufficient reason on another ground for withholding the injunction.   The proof shows that the only use to which complainant's, or, for that matter, the defendants', machines, have been so far applied, is to place them in saloons, bar-rooms, and other drinking places, where the

frequenters of such places make wagers as to which of the toy horses will stop first, or which will stop nearest to a designated point, after the machine has been put in motion, by dropping a nickel in the slot; in other words, the machine in question is only used for gambling purposes. The law of the United States only authorizes the issue of a patent for a new and useful invention, and in an early case on that subject (*Bedford* v. *Hunt*, 1 Mason, 302) it was held that the word "useful," as used in this statute, means such an invention as may be applied to some beneficial use in society, in contradistinction to an invention which is injurious to the morals, health, or good order of society, and the principle thus enunciated has been uniformly applied ever since. It is urged that this machine is susceptible of being utilized as a toy, or child's plaything; but it is a sufficient answer to this suggestion that no such use has been as yet made. The patent has been very recently issued, and it is possible that a useful application may yet be found for it; but as the case now stands, the only use to which the invention has been put being for gambling purposes, I must hold that it is not a useful device, within the meaning of the patent law, as its use so far has been only pernicious and hurtful. Injunction refused.