## AMERICAN TROTTING REGISTER ASS'N v. GOCHER et al.

(Circuit Court, N. D. Ohio, E. D. January 17, 1895.)

No. 5,341.

1. Copyright—Infringement—Compilations Relating to Race Horses.

A copyrighted compilation, comprising lists of trotting and pacing horses, with their speed, gathered from original sources by much labor and expense, is infringed by one who uses the tables to make up a list of horses with records of 2:30 or better, notwithstanding the fact that the latter compilation might have been made by defendant from other publications available to him.

2. Same—Preliminary Injunction.

A temporary injunction will not be granted unless complainant shows affirmatively, beyond any doubt, that he has complied with the copyright law.

This was a bill by the American Trotting Register Association against W. H. Gocher and A. W. Parrish for alleged infringement of a copyright. Complainant moves for a temporary injunction.

Squire, Sanders & Dempsey, for complainant.
Kline & Tolles and J. W. Holcomb, for defendants.

RICKS, District Judge. This is an application for a temporary injunction to restrain the defendants from publishing a list of trotters and pacers having made a record of 2:30 or better. It proceeds upon the charge that the complainant has compiled such a list of horses in what is known as "Wallace's Year Books," which compilation is the result of original information and facts gathered from original sources by complainant's industry, and at its expense. The defendants reply that all the facts stated in complainant's book are obtainable from other independent sources, and has exhibited to the court a large number of publications which contain lists of trotters and pacers having the records stated in complainant's bill.

It is certainly evident from the affidavits filed on both sides that, while the defendants might be able to compile all this information from the sources exhibited to its affidavits, yet it is evident from Mr. Gocher's own affidavit that he has availed himself of the industry of the complainant, and has used the tables which it compiled at great expense and labor. This the defendants certainly cannot do under the law. A mere compilation of facts is protected by the copyright law, as well as original matter showing invention. There are numerous cases which hold that any compilation or any table of statistics which are the result of the author's industry, and which are gathered at his expense, cannot be bodily used by an infringer.

Although the same facts could be gathered by the infringer, he must do so at his own expense, and as the result of his own industry. It would be wrong to permit him to extract bodily, from a copyrighted book, tables, facts, and statistics, and hand them over to the printer in the form the copyrighter has prepared them, merely because it was more convenient for the printer. If he were permitted to do this, he would avail himself directly of the industry and expense to which the person who copyrighted the work was subjected. I think it therefore plain that, to a certain extent, the defendant has infringed complainant's copyright. But, in order to entitle the complainant to an injunction, he must show affirmatively, beyond any doubt, that he has complied with the copyright law. I think, so far as the book, volume 9, for 1893, is concerned, there is a grave doubt as to whether the complainant complied strictly with the law. It is a fair conclusion of fact from the testimony that some books of the defendants were sent out before the copyright was perfected. In the absence of this positive proof, I think it would be unjust to allow a temporary injunction, the effect of which would be substantial confiscation of the defendants' books. A temporary injunction may be allowed against the defendants in favor of the complainant for so much of his book as is shown by Gocher's affidavit was pirated from complainant's book. But if the defendants will give a bond in the sum of $———, conditioned to pay such damages as the complainant may recover in case, on final hearing, he shows his right to a permanent injunction, he may issue the books which he has prepared for publication. But he will not be permitted to finish any more than are now printed.