MORROW, District Judge.
This case comes up on an order to show cause why a preliminary injunction should not be granted the complainant pendente lite. The bill charges the infringement of letters patent No. 26,684, issued to Benny J. Wertheimer on February 23, 1897, under section 4929, Rev. St., for a design upon the cases of coin-controlled machines, generally known as “nickel in the slot machines,” which, in the case at bar, are of the kind commonly known as “card-playing slot machines.”
Several objections are made by the defendants to the application for a preliminary injunction. It is claimed (1) that the defendants’ design is different and does not infringe; (2) that complainant’s design does not disclose originality and the exercise of the inventive faculty, it being claimed, in this connection, that complainant’s patented design case is substantially the same in form and general appearance as the case of the Hafew-G-oldberg Manufacturing Company; and (3) that it has no element of utility, but is used on a gambling device.
If the last ground be deemed to be supported by the proofs, it will be unnecessary to consider the other grounds. The design covered by complainant’s patent is placed on a case, with a glass front, con *903 taining the coin-controlled machine referred to. This machine is composed of a mechanism, chief among which is a cylinder, to which playing cards of convenient size are attached. Upon dropping a üve-cent nickel coin in the slot fixed in the front of the case, and pressing the push bar, also' fixed in the front of the case, the cylinder is caused to spring and revolve with some rapidity, carrying the cards on the cylinder around with it. The losses or winnings of the player are determined by the combinations formed by the cards which ultimately rest face upright in the case. This brief description of these coin-controlled, card-playing machines, upon which complainant’s design is placed, will be sufficient to show the nature and purpose to which they are put. The machines are used principally in saloons, cigar stands, and other such places of resort by the frequenters and visitors thereto. The winnings of the successful player consist generally in cigars or drinks. The complainant claims, however, that these coin-controlled, card-playing machines, inclosed by its design case, may be put to other uses, among which is the exhibition of photographs, kinetoscope pictures, automatic toys, and views of celebrated places and persons. But its own affidavits show that the only use to which the card-playing machines containing its design case have been put is for gambling purposes.
It is a general principle, based upon public policy, that the patent laws of the United States do not authorize the issue of a patent for an invention which is injurious to the morals, health, or good order of society. Bedford v. Hunt, 1 Mason, 302, Fed. Cas. No. 1,217; Device Co. v. Lloyd, 40 Fed. 89. The latter case, in principle, is directly in point, the device being also a nickel in the slot machine, similar in its general operations with that involved in the case at bar. It was known as, and the patent granted for, a “toy automatic race course.” Judge Blodgett held it to be a gambling device, and not a useful invention, within the meaning of the patent laws of the United States, and declined to grant the complainant an injunction pendente lite. With respect to the claim, which is made in the case at bar, that the machine could be devoted to other than gambling purposes, the learned judge said:
“It is urged that this machine is susceptible of being utilized as a toy or child’s plaything; but it is a sufficient answer to this suggestion that no such use has been as yet made. The patent has been very recently issued, and it is possible that a useful application may yet be found for it; but, as the case now stands, the only use to which the invention has been put being for gambling purposes, I must hold that it is not a useful device, within the meaning of the patent law, as its use so far has been only pernicious and hurtful.”
This language appears to be peculiarly applicable to the design in the case at bar. It is true that the device referred to in the case cited was an invention of a machine, while in the case at bar the patent is for a design inclosing a machine; but I see no reason why the same principle of law should not be applied to the one as to the other. In iáimonds’ Summary of the Law of Patents (page 211) he says :
“It is true that the act hereinbefore quoted [section 4929, Rev. St.] specifies as patentable ‘any new, useful, and original shape or configuration of any article of manufacture’; but it is not at all unreasonable to suppose that the *904 legislator who drafted the clause meant that the word ‘useful’ should have substantially the same meaning here that it has in the part of the act creating utility patents—that is, that the things presented for patent shall be designed for some useful purpose, in distinction from a hurtful, frivolous, or immoral purpose.”
I shall, therefore, deny the application for a preliminary injunction.