EGBERT v. GREENBERG et al.

(Circuit Court, N. D. California. February 28, 1900.)

No. 12,853.

COPYRIGHT—PROPER SUBJECTS OF PROTECTION—RACING CHART.

An "official form chart," which consists of a list of race horses, and a compilation of facts and statistics relating to the performances of such horses on the track, is a proper subject of protection by copyright, where it is shown to be purchased and used by persons engaged in breeding, training, and racing horses; and on a proper showing a court of equity will not refuse a preliminary injunction against infringement of such copyright on the ground that the chart is also used for betting purposes.

In Equity.

Martin Stevens, for complainant.
Edward C. Harrison, for respondents.

MORROW, Circuit Judge. This is an action for the infringement of copyright. The bill alleges that the defendants G. D. Phillips

and O. H. Smyth are co-partners doing business under the firm name of Phillips & Smyth; that on November 28, 1899, complainant was the sole author and proprietor of a daily periodical entitled the Daily Racing News, containing, among other things, an "official form chart of races," a copy of the issue of which for November 28, 1899, is attached to the bill. It is further alleged that on November 28, 1899, complainant, after due proceedings, secured a copyright of said issue of said periodical pursuant to the act of congress of July 8, 1870, and the amendments thereto; that ever since November 28, 1899, and prior thereto, complainant has been the sole author and proprietor of said periodical, and has offered it for sale with due notice of said copyright entered upon the title-page thereof; that by reason of the long experience and great care of complainant in his business as author, compiler, proprietor, and publisher of the said "official form chart" contained in said periodical, the said "official form chart" has acquired a high reputation, and has commanded, and still commands, an extensive sale in the city and county of San Francisco and at other places in said district, which has been, and still is, a source of great profit to complainant; that defendants herein, on November 29, 1899, wrongfully and fraudulently printed and published, and have sold and are selling, and are about to offer for sale and to sell, in the city and county of San Francisco and elsewhere in said district, copies of said "official form chart" copyrighted by complainant as aforesaid, with intent to deceive and defraud the public and the buyers and users thereof, the copies of the "official form chart" printed and published and sold and about to be sold by defendants being identical with complainant's copyrighted "official form chart"; that such publication is calculated to deceive the public, and to mislead many of them to purchase said publication of defendants, because it contains the "official form chart" published and sold by complainant, to the diminution of complainant's business and profits; that, unless defendants are restrained from printing, publishing, and selling said "official form chart," complainant will suffer great and irreparable injury; that complainant has warned defendants of their infringement of his copyright, but defendants persist in such infringement; that complainant has been injured by the wrongful acts of defendants in the sum of $1,000. The bill prays for an order of the court restraining defendants from printing, publishing, selling, or offering for sale the said copies of said "official form chart." A restraining order was granted, and the bond fixed at $500, together with an order to show cause why a preliminary injunction should not issue herein; and the case now comes before the court upon this order to show cause, the affidavits of complainant and the defendant Greenberg, and the briefs of counsel filed therein.

The "official form chart" in question contains the names of certain race horses, the races in which they have taken part, the jockeys who have ridden them, the weights carried by them, their position, with reference to other horses, during the course of the various races, the odds offered for and against them, and other details of each race, calculated to show what a particular horse has accom-

plished under the various conditions which each several race has imposed. The defendant Greenberg, in the former of his two affidavits, says that the "official form chart" is expressly and exclusively designed to facilitate gambling operations upon the races, and that it is not patronized, or bought, or read by any person except such as frequent race tracks and pool rooms for the purpose of gambling upon horses, and that it is in no sense a material contribution to human knowledge. The second affidavit of defendant Greenberg quotes a telegram received by his counsel in response to certain inquiries made of the librarian of congress with reference to the copyrighting of the Daily Racing News and "official form chart" by complainant. The telegram of the librarian is to the effect that copyright was applied for on the Daily Racing News on November 28th, and entered on December 4, 1899, and that no application had been made with respect to the "official form chart." Complainant's reply affidavit denies that the "official form chart" is expressly or exclusively designed to facilitate gambling operations, and that it is exclusively bought or read by persons frequenting pool rooms and race tracks. It avers that the said chart is of great use and value to persons engaged in the breeding, training, and racing of horses, and that these occupations are legitimate occupations, and that the said persons buy and read said publication. It is further averred that the application for copyright made November 28, 1899, and set forth in the bill of complaint, comprises an application for copyright of the Daily Racing News, which contained, among other things, the said "official form chart," copies of which were mailed to the librarian of congress in compliance with the law; and that the said Daily Racing News so mailed and copyrighted was printed on the evening of November 28, 1899, after the close of the races that day, and contained the "official form chart" of the races for that day. This affidavit also avers that defendants are unable to respond in damages for the alleged infringement.

There is a discrepancy between complainant's exhibits. The copy of the Daily Racing News attached to the bill and that attached to the order to show cause are each dated November 29, 1899. That attached to complainant's affidavit is dated November 28, 1899. Complainant's counsel explains this by stating that a second edition of the publication was issued on November 28th, bearing date November 29th, copies of which edition have, by inadvertence, been attached to the bill and order to show cause. All the copies show the same "official form chart" alleged to have been copyrighted by complainant as a part of the edition of November 28, 1899. Defendants' counsel maintains that this form chart is an immoral publication, and is especially designed for the furtherance of an immoral purpose,—i. e. gambling,—and therefore not entitled to invoke the aid of a court of equity against infringement; and cites, in connection with this contention, the case of Novelty Co. v. Dworzek (C. C.) 80 Fed. 902. In this case complainant applied for a preliminary injunction against the infringement of a patent upon a "card-playing slot" machine. This court denied the preliminary injunction, upon the ground that the machine in ques-

tion was a gambling device, and cited in connection with this decision the case of Device Co. v. Lloyd (C. C.) 40 Fed. 89, 5 L. R. A. 784. In the course of the opinion in this case this court said:

"The complainant claims, however, that these coin-controlled card-playing machines, inclosed by its design case, may be put to other uses, among which is the exhibition of photographs, kinetoscope pictures, automatic toys, and views of celebrated places and persons. But its own affidavits show that the only use to which the card-playing machines containing its design case have been put is for gambling purposes."

In the case at bar, complainant's affidavit states that the publication in question is purchased and read by others than those engaged in gambling upon races, and that this publication serves a useful purpose entirely apart from that for which defendants aver it is exclusively intended. The decision in Novelty Co. v. Dworzek was, therefore, upon a state of facts somewhat different from those involved in the present case. In the case of Association v. Gocher (C. C.) 70 Fed. 237, complainant applied for a temporary injunction to restrain defendants from publishing a list of trotters and pacers which had made a record of 2:30 or better, such a list having been published by complainant prior to that of defendant. The temporary injunction was granted, and the court said:

"A mere compilation of facts is protected by the copyright law, as well as original matter showing invention. There are numerous cases which hold that any compilation or any table of statistics which are the result of the author's industry, and which are gathered at his expense, cannot be bodily used by an infringer."

The case just cited bears a very close resemblance to the case at bar. The "official form chart" is the work of complainant, and the product of his industry, and the issue thereof for November 28, 1899, appears from the bill and complainant's affidavit to have been duly copyrighted. The bill and affidavits set forth "a case of probable right, and a probable danger that the right would be defeated without the special interposition of the court." Georgia v. Brailsford, 2 Dall. 402, 1 L. Ed. 433.

In the case of Atwill v. Ferrett, 2 Blatchf. 39, Fed. Cas. No. 640, it was said:

"The bill, however, prays for an injunction, and making title on its face in the plaintiff to the copyright set forth, and showing a wrongful and willful violation of the copyright by the defendants, and serious injuries inflicted by and apprehended from such violation. it is sufficient in substance and form to entitle the plaintiff to an injunction."

See, also, Scribner v. Stoddart, 21 Fed. Cas. 876 (No. 12,561).

The existence of complainant's right and the infringement of this right by defendants appear to be sufficiently clear from the bill and affidavits, and no circumstances have been exhibited which would tend to show any injustice in the issuance of a temporary injunction. An injunction pendente lite will therefore issue upon the complainant furnishing a bond in the sum of $500.