MERRY (BUFFUM v.). See Case No. 2,112.

MERRY, The LIZZIE. See Case No. 8,423.

## Case No. 9,486.

### MERRYFIELD et al. v. JONES.

[2 Curt. 306.] 1

Circuit Court, D. Massachusetts. May Term, 1855.

**BONDS—FOR INJUNCTION—ACTION FOR DAMAGES— POWER OF COURT OF EQUITY.**

A court of equity cannot order the complainant and his sureties on an injunction bond, to pay the damages sustained by reason of the injunction. The defendant must resort to an action on the bond.

[Cited in Spencer v. Sherwin, 86 Iowa. 120, 53

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

N. W. 86; City of St. Louis v. St. Louis Gaslight Co., 82 Mo. 350; Sturgis v. Knapp, 33 Vt. 522.]

R. H. Dana, Jr., in behalf of [Edwin] Jones, moved the court to refer to a master, the question, how much damage Jones had suffered by reason of temporary injunction, restraining him from using a machine alleged to be patented; and that the complainants [William J. Merryfield and others], and their sureties, in a bond, conditioned to pay to Jones any damages he might suffer by reason of that injunction, if finally determined not to be rightful, might be decreed to pay the same. And he showed that the bill had been dismissed, and the injunction dissolved.

The motion was resisted by Mr. Brigham, for complainants.

CURTIS, Circuit Justice. It is not incident to the general powers of a court of equity to proceed against the principals and sureties on such a bond, and enforce payment of the damages secured by its condition, by a decree. It would be a convenient, and, perhaps, a proper power, to be conferred on the courts of the United States by congress. In Hiriart v. Ballon, 9 Pet. [34 U. S.] 156, it was held that by virtue of a rule of the state courts of Louisiana, adopted under the act of congress of May 26, 1824 (4 Stat. 62), by the circuit court of the United States, there might be a summary judgment against the principal and sureties in an appeal bond at law. The objection that a suit on a bond is, in its nature, a suit at the common law, and so that a right to a trial by jury is conferred by the seventh amendment of the constitution, seems not to have been overlooked in that case; though how far it was considered does not appear. If not determined, it is a grave question, Gwin v. Breedlove, 2 How. [43 U. S.] 29; Gwin v. Martin, 6 How. [47 U. S.] 7. But I do not find it necessary to consider it, in this case, because I am clearly of opinion, that aside from positive legislation, a court of equity does not afford a remedy on such bonds. It must be sought by an action at law. Bean v. Heath, 12 How. [53 U. S.] 168. Motion denied.