## GREEFE *v.* CORTIS.

*(District Court, E. D. New York. July 27, 1882.)*

**SEAMEN—DISCOUNT OF ADVANCE SECURITY.**

Where defendant did not ship the seamen, nor employ the shipping agent to ship them, nor was he owner of the vessel, nor did he know of the giving of the agreements sued on, the fact that he was authorized to collect the inward freight, and procure outward freight, and pay the ship's disbursements, upon the master's certificate, does not make him an agent who "authorized the giving of the advance security," although he paid the shipping agent's bill on which the advances were charged.

*Henry Heath,* for plaintiff.

*McDaniel & Souther,* for defendant.

BENEDICT, D. J. This is an action in which, by virtue of section 4534, Rev. St., it is sought to hold the defendant liable for the advance wages of three seamen of the ship James Aiken, upon three agreements made by a shipping agent named Haveron, which had

been indorsed to the libelant. The defendant did not ship the seamen, nor did he employ the shipping agent to ship them. He was not the owner of the vessel, nor did he know of the giving of the agreements sued on. The fact that the defendant was authorized to collect the inward freight of the vessel, and to procure for her an outward freight, and to pay the ship's disbursements upon the master's certificate, does not make him an agent who "authorized the giving of the advance security" within the meaning of the statute. Nor is he made out to be such agent by the further proof that upon the master's certificate he paid the shipping agent's bill in which the advances in question were charged.

If the defendant had employed the shipping agent to ship the men, the case would have been different.

The libel must be dismissed.

---

**Equity—Injunction—Damages—Security.**

RUSSELL v. FARLEY, U. S. Sup. Ct., October Term, 1881. Appeal from the circuit court of the United States for the district of Minnesota. The case was decided in the supreme court of the United States on April 3, 1882. Mr. Justice *Bradley* delivered the opinion of the court affirming the decree of the circuit court.

An appeal does not lie from an appeal in equity as to the costs merely. The circuit court of the United States is not governed in its practice in equity by the laws of the state in which it sits, but by the rules of practice prescribed by the supreme court, and by the circuit court not inconsistent therewith, and when these are silent by the practice of the high court of chancery in England when the equity rules were adopted. The courts of the United States, under the general principles and usages of equity, may impose terms or require security for damages before granting an injunction, and this power is independent of any statute. So it may relieve from or modify such terms during the progress or at the termination of the cause, and enforce or carry out the conditions imposed, or the undertakings entered into; but while the court may have the power to assess damages, yet if it has that power it is in its discretion to exercise it, or to leave the parties to their action at law.

R. S. Ashurst and T. H. Hubbard, for appellant.

Henry J. Horn, for appellee.

Cases cited in the opinion: Canter v. Amer. Ins. Co. 3 Pet. 307; Elastic Fab. Co. v. Smith, 110 U. S. 112; Marquis of Downshire v. Lady Sandys, 6 Ves. Jr. 107; Wombwell v. Belasyse, 6 Ves. Jr. 110, note; Wilkins v. Aitkin, 17 Ves. Jr. 422; Novello v. James, 5 De Gex, M. & G. 876; Bein v. Heath, 12 How. 179; Merryfield v. Jones, 2 Curt. 306.

### Jurisdiction—Assignee of Chose in Action.

MARINE & RIV. PHOS., ETC., CO. *v.* BRADLEY, U. S. Sup. Ct., October Term, 1881. Appeal from the circuit court of the United States for the district of South Carolina. The decision was rendered by the supreme court of the United States on April 3, 1882. Mr. Justice *Matthews* delivered the opinion of the court affirming the decree of the circuit court.

Where the obligation sued on is a negotiable promissory note, it is excepted out of the prohibition contained in section 1 of the act of March 3, 1875, inhibiting the assignee of a chose in action to sue in cases where the assignor could not maintain a suit in the circuit court. The bond of a corporation, payable to a particular individual and not negotiable, when subsequently indorsed, becomes a new and complete contract upon a distinct consideration, and if payable to bearer is negotiable by delivery merely. It is a negotiable note within the meaning of the law merchant, and according to the law of the place of the contract, notwithstanding it is an instrument under seal. Where the delivery of the bond was a transfer of the legal title, and it is nowhere shown that the party transferring could not have maintained action upon the bond, the transfer will not be deemed collusive for the purpose of conferring jurisdiction on the circuit court. To confer or oust jurisdiction, when it depends on citizenship, the necessary facts must be distinctly alleged and admitted or proved. Where the statute prescribes no form of action, the jurisdiction may be regarded as concurrent at law and in equity, according to the nature of the relief made necessary by the circumstances upon which the right arises.

A. G. Magrath and Samuel Lord, Jr., for appellants.

William E. Earle and James B. Campbell, for appellee.

Cases cited in the opinion: Langston v. South Car. R. Co. 2 S. C. 251; Bank v. Railroad Co. 5 S. C. 158; Bond Debt Cases, 12 S. C. 250; Smith v. Kernochen, 7 How. 216; Jones v. League, 18 How. 76; Barney v. Baltimore, 6 Wall. 280; Williams v. Nottawa, 4 Morr. Trans. 390.

### Municipal Subscription to Railroad Stock.

CITY OF LOUISIANA *v.* TAYLOR, U. S. Sup. Ct., Oct. Term, 1881. Error to the circuit court of the United States for the eastern district of Missouri. The decision of the supreme court was rendered on April 24, 1882. Mr. Justice *Matthews* delivered the opinion of the court affirming the judgment of the circuit court.

The repeal of an act is not the direct and immediate result of the constitution, but, on the contrary, a prohibition contained in that instrument is a limitation merely upon the power of the legislature for the future, so that it should not thereafter grant authority to municipal corporations to become stockholders in companies except upon the terms especially mentioned; and all previous grants of such authority remain in their original force until duly revoked, unaffected by the constitutional provision. An enabling act passed in execution of the powers authorized by the constitution, general in its provisions, conferring power upon any county, city, or town to take stock in, or to loan its credit to, any railroad company duly organized under any

law of the state, upon the assent of two-thirds of the qualified voters thereof does not revoke any previous grants of similar authority.

James O. Broadhead and David P. Dyer, for plaintiff in error.

Clinton Rowell and Thomas K. Skinker, for defendant in error.

Cases cited in the opinion: Callaway Co. v. Foster, 93 U. S. 570; Scotland Co. v. Thomas, 94 U. S. 682; Henry Co. v. Nicolay, 95 U. S. 619; Ray Co. v. Vansycle, 96 U. S. 675; Schuyler Co. v. Thomas, 98 U. S. 169; Cass Co. v. Gillett, 100 U. S. 585.

### Practice—Review on Writ of Error.

JONES and others v. BUCKELL and others, U. S. Sup. Ct., Oct. Term, 1881. Error to the circuit court of the United States for the northern district of Florida. The decision in this case was rendered on January 16, 1882. Mr. Chief Justice *Waite* delivered the opinion of the court affirming the judgment of the circuit court.

Where no issue was made directly by the pleadings, and no evidence is set forth or referred to in the bill of exceptions showing the materiality of the charge complained of, and the case presents only an abstract proposition of law, which may or may not have been stated by the court in a way to be injurious to the plaintiff in error, it will not be considered by the appellate court.

W. A. Beach, for plaintiffs in error.

C. W. Jones, for defendants in error.

Cases cited: Henderson v. Moore, 5 Cranch, 11; Railway Co. v. Heck, 102 U. S. 120; Dunlop v. Monroe, 7 Cranch, 270; Reed v. Gardner, 17 Wall. 409.

### Jurisdiction—Collusive Assignment.

WILLIAMS v. NOTTAWA, U. S. Sup. Ct., October Term, 1881. Error to the circuit court of the United States for the western district of Michigan. The decision of the supreme court was rendered on December 5, 1881. Mr. Chief Justice *Waite* delivered the opinion of the court reversing the judgment.

Where various parties transferred negotiable securities to a non-resident for the purpose of conferring jurisdiction on the circuit court, it is the duty of the court to dismiss the case on its own motion as soon as such collusion appeared.

Hughes, O'Brien & Smiley, for plaintiff in error.

Charles Upson, for defendant in error.

Case cited in the opinion: Gordon v. Longest, 16 Pet. 104.

### Lien of Judgment—Priority.

STEVENSON v. TEXAS & PAC. R. Co., U. S. Sup. Ct., Oct. Term, 1881. Appeal from the circuit court of the United States for the western district of Texas. The decision of the supreme court was rendered on May 8, 1882. Mr. Justice *Matthews* delivered the opinion of the court affirming the decree of the circuit court.

Under the laws of Texas the lien acquired by judgment and levy of execution is superior to an unrecorded deed; and the purchaser at the execution sale on judgments antedating the recording of a mortgage, and without notice of it, has a better title than the mortgagee, although the sale was made subsequent to the recording of the mortgage.

W. S. Herndon and A. Q. Keasbey, for appellants.

W. S. Davidge and James Lowndes, for appellees.

Cases cited in the opinion: Price v. Cole, 35 Tex. 461; Ayres v. Duprey, 27 Tex. 593; Grimes v. Hobson, 46 Tex. 416; Catlin v. Bennatt, 47 Tex. 165; Mainwaring v. Templeman, 51 Tex. 205.

## Appeal—Amount in Controversy.

LAMAR v. MICOU, U. S. Sup. Ct., October Term, 1881. Appeal from the circuit court of the United States for the southern district of New York. The case was decided in the supreme court on December 19, 1881. Mr. Chief Justice *Waite* delivered the opinion of the court dismissing the appeal, as the decree was for less than $5,000; and the fact that the decree should have been for more than that amount cannot be urged, in order to confer jurisdiction on the supreme court.

Edward N. Dickenson and Charles Beaman, Jr., for appellant.

S. P. Nash, for appellee.

Cases cited: Thompson v. Butler, 95 U. S. 694; Sampson v. Welsh, 24 How. 207.

## Tax Collector—Bond of.

UNITED STATES v. JACKSON, U. S. Sup. Ct., Oct. Term, 1881. Error to the circuit court of the United States for the eastern district of Virginia. The case was decided in the supreme court on October 31, 1881. Mr. Justice *Miller* delivered the opinion of the court affirming the judgment.

A bond of a collector of taxes, which does not bind the obligors on its face for the faithful performance by the principal of the duties of his office in any particular district, is not, for that reason, void as to the sureties. A declaration on such a bond must aver that he had been appointed collector of revenue for some district.

S. F. Phillips, Sol. Gen., for plaintiffs.

Shellabarger & Wilson, for defendants.

## Practice—Affirmance—Appeal Taken for Delay.

MICAS v. WILLIAMS, U. S. Sup. Ct., Oct. Term, 1881. Error to the circuit court of the United States for the eastern district of Louisiana. The case was decided in the supreme court of the United States on January 16, 1882. Mr. Chief Justice *Waite* delivered the opinion of the court affirming the decision of the circuit court; it appearing that the writ of error had been taken for delay only, and contained no assignment of errors, as required by section 997 of the Revised Statutes.

Thomas J. Durant, for plaintiff in error.

Joseph P. Hornor, for defendant in error.

### Practice—Review on Certificate of Division.

BANKING HOUSE OF BARTHOLOW *v.* TRUSTEES OF SCHOOLS, U. S. Sup. Ct., October Term, 1881. On a certificate of division in opinion between the judges of the circuit court of the United States for the southern district of Illinois. The decision of the supreme court was rendered on October 31, 1881. Mr. Chief Justice *Waite* delivered the opinion of the court.

Under section 693 of the Revised Statutes, final judgments of the circuit courts in civil actions, wherein there has been a division of opinion of the judges, are only reversable in the supreme court on writ of error or appeal. The act of 1802, (2 St. 159,) which allowed the questions to be certified up before judgment, was superseded by the act of July 1, 1872, (17 St. 196.)

### Appeal to Supreme Court—Practice.

SCRUGGS *v.* VISER, U. S. Sup. Ct., October Term, 1881. Appeal from the district court of the United States for the northern district of Mississippi. The case was decided in the supreme court on December 12, 1881. Mr. Chief Justice *Waite* delivered the opinion of the court denying the motion to dismiss the appeal, the citation and bond being sufficient, and the amount involved being over $5,000.

Cases cited in the opinion: U. S. v. Curry, 6 How. 111; Bacon v. Hart, 1 Black, 38; Brockett v. Brockett, 2 How. 240.

### Patents for Inventions.

THE PACKING COMPANY CASES, U. S. Sup. Ct., Oct. Term, 1881. Appeals from the circuit court of the United States for the southern district of Illinois. The decision of the supreme court was rendered on May 8, 1882. Mr. Justice *Woods* delivered the opinion of the court affirming the decree of the circuit court.

Where there is nothing new in the process described in the patent, and all the elements are old and are merely aggregated, and the aggregation brings out no new product, nor does it bring out any old product in a cheaper or otherwise more advantageous way, it is not patentable.

William Henry Clifford, John N. Jewett, and L. L. Bond, for appellants.

J. W. Noble, J. C. Orrick, and L. L. Coburn, for appellees.

Cases cited in the opinion: Pearce v. Mulford, 102 U. S. 112; Rubber Tip Pencil Co. v. Howard, 20 Wall. 498; Hotchkiss v. Greenwood, 11 How. 248; Stimpson v. Woodman, 10 Wall. 117.

### Patents for Inventions—Decree Affirmed.

PRICE *v.* KELLY, U. S. Sup. Ct., Oct. Term, 1881. Appeal from the circuit court of the United States for the district of Minnesota. The case was decided in the supreme court on October 25, 1881. Mr. Chief Justice *Waite* delivered the opinion of the court affirming the decree, because of the imperfect state of the record, and the lack of models and drawings, and a failure on the part of appellant to present the case.