### JOSEPH v. SOUTHERN RY. CO. et al.

(Circuit Court, D. South Carolina. February 1, 1904.)

1. RAILROAD COMPANIES—CONSOLIDATION UNDER SOUTH CAROLINA STATUTE—LIABILITY OF CONSOLIDATED COMPANY TO SUIT.

By Sp. Act S. C. Feb. 19, 1902 (23 St. at Large, p. 1152), certain railroad companies of the state were consolidated under the name of "Southern Railway—Carolina Division"; the act providing that the consolidated company should be subject to all the liabilities of the constituent companies, and should remain subject to suit "for all causes of action that may arise out of the operation of said lines of railroad; * * *" that all judgments theretofore or thereafter obtained against any of the several constituent companies should be a lien on the property of the several companies, or the property substituted by the consolidated company, to the same extent and with the same effect as though the consolidation had never taken place. A prior general statute, in force when such act was passed (Code S. C. 1902, §§ 2050–2053), permitting the consolidation of railroad companies, provided, inter alia, that upon such consolidation all rights of creditors and all liens upon the property of the constituent companies should be preserved unimpaired, and they should be deemed to continue in existence to preserve the same, and all debts, liabilities, and duties of either of said companies should henceforth attach to the new corporation, and be enforced against it, to the same extent as though they had been incurred or contracted by it. *Held*, that the consolidation did not impair existing rights of action for debts and torts against any of the constituent companies, and imposed on the consolidated company only liabilities arising in the future, and that it was not subject to a suit for a tort committed by one of the constituent companies prior to the consolidation.

On Motion to Remand to State Court.

J. S. Muller, for plaintiff.

B. L. Abney, for defendant.

SIMONTON, Circuit Judge. This is a motion to remand a case removed from the court of common pleas of Richland county, S. C., into this court, on the ground of a separable controversy. The action was brought by Leo Herbert Joseph, a citizen of South Carolina, against the Southern Railway Company, a corporation of the state of Virginia, and the Southern Railway—Carolina Division, a corporation of the state of South Carolina. The cause of action is personal in-

¶1. See Railroads, vol. 41, Cent. Dig. §§ 453, 833.

juries received by plaintiff at the depot at Orangeburg of the South Carolina & Georgia Railroad Company, then under the operation and control of the Southern Railway, on or about 27th February, 1902. After the occurrence of the accident, and before suit brought, the South Carolina & Georgia Railroad Company, under the provisions of the act of assembly of South Carolina approved 19th February, 1902 (23 St. at Large, p. 1152), became consolidated with certain other railroad companies in said state under the name of the "Southern Railway— Carolina Division," which is also controlled and operated by the Southern Railway Company. This consolidating act contains this proviso:

"Provided, that from and after such consolidation or merger, the consolidated company shall possess and may exercise all the rights, privileges and franchises and shall be subject to all the liabilities of the said several constituent companies, and of a railroad corporation organized and existing under the laws of the state of South Carolina, and shall be and remain subject to suit in the courts of this state for all causes of action that may arise out of the operation of said lines of railroad, notwithstanding any lease of the same that may be herein authorized, and shall keep up and continue to operate in a safe and proper manner, all portions of the line of railroad of the said several constituent companies: provided, further, that all judgments heretofore obtained or hereafter to be obtained against any of the several corporations herein consolidated shall be and constitute a lien upon the property, rights, franchises and privileges of the several corporations herein consolidated, and upon property substituted by the consolidated company or corporation, to the same extent and with the same priority that said judgments might or would have been if said consolidation had never taken place."

At the date of the passage of this act there was on the statute book an act permitting the consolidation of railroad companies. Rev. St. S. C. 1893, carried from 17 St. at Large 1882, p. 795, §§ 1615, 1618, inc. Section 1618, carried forward into Code of Laws of South Carolina of 1902, §§ 2050–2053, provides:

"Upon the consummation of the act of consolidation as aforesaid, all the rights and privileges and property of the constituent companies shall pass to the consolidated company; * * * but all rights of creditors, and all liens upon the property of said corporations, shall be preserved unimpaired and the respective corporations may be deemed to continue in existence to preserve the same and all debts, liabilities and duties of either of the said companies shall henceforth attach to said new corporation and be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."

The ground of removal is that there is no cause of action against the Southern Railway—Carolina Division, inasmuch as the present injury was inflicted on the South Carolina & Georgia Railroad Company before consolidation, and the suit was brought after consolidation was effected. So there is but one controversy in the case, and that is with the Southern Railway Company. The act of 19th February, 1902, first quoted, is a special act, passed long after the general law, and its provisions are not affected by the general legislation on the subject. State v. Stoll, 17 Wall. 425, 21 L. Ed. 650; Cass County v. Gillett, 100 U. S. 585, 25 L. Ed. 585.

Let us examine the provisions of the general law and of this special statute. So far as the liability of the consolidated company is concerned, the general act says:

"All rights of creditors, and all liens upon the property of said [constituent] corporations, shall be preserved unimpaired, and the respective [constituent] corporations may be deemed to continue in existence to preserve the same. And all debts and liabilities and duties of either of said companies shall henceforth attach to said new corporation and be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."

In Stewart v. Railway Co., 114 S. C. 95, it is held that the word "liabilities" includes responsibility for torts. Now, when we examine the special act, we find:

"After such consolidation or merger, the consolidated company shall possess and may exercise all the rights, privileges and franchises, and shall be subject to all the liabilities of the said several constituent companies, and of a railroad corporation organized and existing under the laws of the state of South Carolina, and shall be and remain subject to suit in the courts of this state for all causes of action that may arise out of the operation of said lines of railroad, notwithstanding any lease of the same that may be herein authorized, and shall keep up and continue to operate in a safe and proper manner all portions of the line of railroad of the constituent companies."

Then comes the proviso preserving the lien of judgments upon the property of the constituent companies, whether obtained before or after consolidation. It is very clear from the words of the general law and of this special statute that the right of action for debts and torts against the constituent companies is not impaired. Do the words of the special statute authorize suits against the consolidated company for torts committed before consolidation? The construction of the act is not free from difficulty. The language of the act should be held to impose on the consolidated company all the liabilities which the law would have imposed upon the constituent companies if the consolidation had not been effected, and should be confined to such as arose after the consolidation. The language of the special statute seems to deal with the future, and the rule is that statutes can have no retrospective operation unless this be clearly expressed. Chew Heong v. U. S., 112 U. S. 536, 5 Sup. Ct. 255, 20 L. Ed. 770. The right of action against the constituent companies not being impaired, and full provision having been made for the lien of judgments obtained either before or after the consolidation, no harm can be done by such construction. The cause of action can be tried against the party in delicto—the one best able to defend it—and, if adverse, is fully secured by these liens. It seems, therefore, that the cause of action is one against the South Carolina & Georgia Railroad and its lessee; that there is no cause of action against the Southern Railway—Carolina Division.

The motion to remand is refused.